**Morris Lee BURTON, Jr.,**
**Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 53A05–9804–CR–189.

Court of Appeals of Indiana.

Feb. 26, 1999.

Transfer Denied April 29, 1999.

Susan K. Carpenter, Public Defender of Indiana, Gregory L. Lewis, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Chris Worden, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

**OPINION**

STATON, Judge

Morris Burton, Jr. appeals his conviction for carjacking, a Class B felony.[1] Burton raises one issue on appeal, which we restate as: whether Burton's convictions for carjacking and kidnapping[2] violate the Federal Double Jeopardy Clause.

We affirm.

On July 27, 1997, Morris Burton and two accomplices forcibly apprehended the victim and her car in a hospital parking lot. After driving some distance, the victim was released and Burton and the others left with the victim's car. Burton was convicted and sentenced for both carjacking and kid-

---

1. IND.CODE § 35–42–5–2 (1993).

2. IND.CODE § 35–42–3–2 (1993).

napping. Burton contends that carjacking is a lesser included offense of kidnapping as charged and, thus, his convictions for both offenses violate the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution protects criminal defendants from, among other things, multiple punishments for the same offense. *Games v. State,* 684 N.E.2d 466, 473 (Ind.1997) *modified on reh. on other grounds,* 690 N.E.2d 211 (Ind.1997), *cert. denied,* —— U.S. ——, 119 S.Ct. 98, 142 L.Ed.2d 78 (1998). The sole purpose of the Double Jeopardy Clause in this context is "to ensure that a court imposes no more punishment on a defendant than the legislature intended." *Id.* at 474. A two-part test applies in determining whether multiple punishments may be imposed in a single proceeding. *Id.* If it is clear that the legislature intended multiple punishments for the same offense, double jeopardy is not violated and further inquiry into the statutory elements of the crimes is not required. *Id.* However, where legislative intent is not clear, we apply the "same elements" test to the statutes as a means of discerning whether the legislature intended to impose multiple punishments. *Id.* at 475.[3] The Indiana Supreme Court has recited the "same elements" test as follows: " ... where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.* (quoting *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932)).

Here, the carjacking and kidnapping statutes do not, on their face, indicate an intent by the legislature to impose multiple punishments for the same offense. Our review of the statutes reveals that kidnapping and carjacking are distinct offenses and that each one requires proof of an element that the other does not. In order to convict a person of kidnapping, pursuant to the facts herein, the State must prove that the person (1) knowingly or intentionally removed an-

other person from one place to another by fraud, enticement, force, or threat of force; (2) while hijacking a vehicle. IC 35–42–3–2(b)(2). A conviction for carjacking requires the State to prove that the person (1) knowingly or intentionally took a motor vehicle from another person or from the presence of another person; (2) by using or threatening the use of force on any person or by putting any person in fear. IC 35–42–5–2.

The kidnapping statute requires the State to prove that the defendant used force or threats *to keep the occupant inside the vehicle* against his or her will. *Clayton v. State,* 658 N.E.2d 82, 87 (Ind.Ct.App.1995). Carjacking, on the other hand requires the taking of a vehicle *from* a person or *from the presence* of a person. This language specifically contemplates that the person who takes the vehicle leaves the person from whom the vehicle is taken at the scene. If the occupant remains in the vehicle being taken, there is no crime of carjacking. If the occupant is left behind, there is no crime of kidnapping.

Here, Burton committed kidnapping when he left the hospital parking lot with the victim inside the car. He committed carjacking when he forced the victim out of the car at the roadside and took the car. Because each of the offenses require proof of an additional fact which the other does not, Burton's convictions for kidnapping and carjacking do not violate double jeopardy.

Affirmed.

RILEY, J., and BROOK, J., concur.

---

**3.** In *Games,* our supreme court recognized that its previous interpretation of the federal Double Jeopardy Clause, which looked beyond the statutory elements to the offenses as charged and to jury instructions outlining the elements, did not comport with federal jurisprudence. *Id.* at 474.