ATTORNEY FOR APPELLANT ATTORNEYS FOR APPELLEE

Susan K. Carpenter Pamela Carter

Public Defender of Indiana Attorney General of Indiana

J. Michael Sauer Arthur Thaddeus Perry

Marie F. Donnelly Deputy Attorney General

Deputy Public Defenders

In The

INDIANA SUPREME COURT

JAMES GAMES,     )

Petitioner-Appellant, )

) Supreme Court No.

v. ) 49S00-9002-PD-114 

) 

STATE OF INDIANA, )

Respondent-Appellee. )

                          ________________________________________________  

APPEAL FROM THE MARION SUPERIOR COURT

The Honorable James R. Detamore, Special Judge 

Cause No. CR83-126A

                        _________________________________________________

On Petition For Rehearing

DICKSON, J.

The defendant-petitioner, James Games, seeks rehearing following our decision affirming his convictions for murder and robbery.  
Games v. State
, 684 N.E.2d 466 (Ind.  1997).  We grant rehearing solely to clarify the proper appellate standard for reviewing denials of post-conviction claims of ineffective assistance of trial counsel.  

In his post-conviction appeal, the defendant claimed that the standard of review for the prejudice prong of his ineffective assistance of trial counsel claim is whether “there is a reasonable probability that, but for counsel’s unprofessional errors, [the defendant] would have been convicted of a lesser included offense instead of murder.”  Brief of Appellant at 35.  Rejecting this different outcome or “but for” test, we held that the defendant “must convince this Court that there is no evidence presented which supported a murder conviction and that, as a whole, the evidence leads unerringly and unmistakably to a decision that his conviction for murder was unfair and unreliable.”  
Games
, 684 N.E.2d at 469 (footnote omitted).  The defendant argues that this “no evidence of guilt” standard is erroneous.  We acknowledge that our articulation of the standard is imprecise and needs clarification, but continue to reject the standard of review advanced by the defendant.

To establish a claim of ineffective assistance of trial counsel, a defendant must show both that his counsel’s performance was sufficiently deficient and that, as a result of counsel’s deficiency, prejudice resulted.  
Strickland v. Washington
, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  At issue here is the resulting prejudice. Under this prong, “the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.”  
Id.
 at 695, 104 S.Ct. at 2069, 80 L.Ed.2d at 698. The 
Strickland
 Court initially defined “reasonable probability” as a probability “sufficient to undermine confidence in the outcome,” rendering the verdict unreliable.  
Id.
 at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.  However, the Court’s recent decision in 
Lockhart v. Fretwell
, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993), further defined and clarified this definition.  
See also
 
State v. Van Cleave
, 674 N.E.2d 1293 (Ind. 1996) (analyzing 
Lockhart
).  The 
Lockhart
 Court stated, “Under our decisions, a criminal defendant alleging prejudice must show ‘that counsel’s errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.’”  
Lockhart
, 506 U.S. at 369, 113 S.Ct. at 842, 122 L.Ed.2d at 189 (citing 
Strickland
, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693).
(footnote: 1)
 Reviewing its decision in 
Nix v. Whitehead
, the 
Lockhart
 Court stated that, under the prejudice prong, “[s]heer outcome determination . . .  was not sufficient to make out a claim under the Sixth Amendment.”  
Lockhart
, 506 U.S. at 370, 113 S.Ct. at 843, 122 L.Ed.2d at 189 (citing 
Nix v. Whiteside
, 475 U.S. 157, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986)).  The Court reasoned that, “To set aside a conviction or sentence solely because the outcome
 
would have been different but for counsel’s error may grant the defendant a windfall to which the law does not entitle him.”  
Id.
 at 369-370, 113 S.Ct. at 842-43, 122 L.Ed.2d at 189.  The Court found that, “an analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.”  
Id.
 at 369, 113 S.Ct. at 842-43, 122 L.Ed.2d at 189.  For this reason, the proper standard is not whether there is a reasonable probability that, but for the alleged deficiency of counsel, a different outcome would have occurred.  Rather, the standard to be applied by the post-conviction court is whether, considering the alleged deficiency, “the ultimate result (his convictions) was fundamentally unfair or unreliable.”  
Games
, 684 N.E.2d at 469.

When a defendant thereafter appeals from an adverse judgement by the post-conviction court, he must convince the reviewing appellate court that “the evidence as a whole was such that it leads unerringly and unmistakably to a decision opposite that reached” by the post-conviction court.  
Spranger v. State
, 650 N.E.2d 1117, 1119 (Ind. 1995).  “[I]t is only where the evidence is without conflict and leads to but one conclusion, and the [post-conviction] court has reached the opposite conclusion, that the decision will be disturbed.”  
Fleenor v. State
, 622 N.E.2d 140, 142, 
cert. denied
, ___ U.S. ___, 115 S.Ct. 507, 130 L.Ed.2d 415, (1994).

Thus, when a post-conviction court evaluating a claim of ineffective assistance of trial counsel analyzes whether the prejudice prong is satisfied in accordance with the principles of 
Lockhart
, it focuses in part on the evidence of guilt to determine whether the result of the proceeding (in this case, a conviction for murder) is fundamentally unfair or unreliable.  However, when this Court reviews a post-conviction court’s negative judgment, we focus on whether there is evidence supporting the post-conviction court’s  judgment that the result was fair and reliable, not simply whether there is “no evidence” supporting the conviction.  In our prior 
Games
 opinion, we articulated a standard of appellate review of an post-conviction judgment that is too narrow, requiring that, for an appellant to succeed, there must have been “no evidence presented supporting a murder conviction.”  
Games
, 684 N.E.2d at 469.  In the present case, the defendant’s post-conviction claim is that his trial counsel failed to sufficiently advocate for an alternative conviction on a lesser-included offense.  Consequently, to determine whether the evidence leads unerringly and unmistakably to the conclusion that his conviction for murder was fundamentally unfair or unreliable, our evaluation of the post-conviction court’s rejection of this claim necessarily includes our consideration of the evidence supporting a murder conviction.  While we consider the evidence supporting the convictions, our overall focus is broader and considers all evidence relevant to the post-conviction court’s determination of the defendant’s claim.

Applying this standard of review, we affirm the determination of the post-conviction court.  The post-conviction court found no prejudice, concluding that the “State’s evidence was overwhelming as to the guilt of [the defendant].”  
Id.
 at 469 n.2.  Reviewing this determination, we found that the evidence tending to show prejudice was not without conflict and did not lead unerringly and unmistakably to a decision that the defendant’s conviction for murder was fundamentally unfair or unreliable.  We continue to hold that “[t]he totality of the evidence illustrates that there was sufficient, indeed overwhelming, evidence presented supporting a fair and reliable conviction for murder.”  
Id
 at 469.

We grant rehearing and modify our previous opinion on appeal from denial of post-conviction relief.  However, the result and concluding mandate of our previous opinion is undisturbed.  This cause is remanded to the trial court for the remaining penalty phase proceedings.

SHEPARD, C.J., and SULLIVAN, SELBY, and BOEHM, JJ., concur.

FOOTNOTES
1:
The Court also quoted 
Kimmelman v. Morrison
, 477 U.S. 365, 374, 106 S.Ct. 2574, 2582, 91 L.Ed.2d 305 (1986) (“The essence of an ineffective-assistance claim is that counsel’s unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect”).