**Miguel RODRIGUEZ, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9807–CR–590.

Court of Appeals of Indiana.

June 28, 1999.

Transfer Denied Aug. 31, 1999.

---

Jan B. Berg, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Defendant–Appellant Miguel Rodriguez ("Rodriguez") appeals following his convictions of battery, a Class C felony, and criminal recklessness, a Class D felony. Ind.Code §§ 35–42–2–1; 35–42–2–2.

We affirm.

### ISSUES

We review three issues:

1. Whether Rodriguez' convictions for both battery and criminal recklessness violate double jeopardy principles.

2. Whether the trial court exceeded its authority by denying Rodriguez visitation with his daughter in his home during his period of home detention.

3. Whether there is sufficient evidence to rebut Rodriguez' claim of self-defense.

### STATEMENT OF THE FACTS

On January 14, 1996, Rodriguez' daughter Heather, then twelve years old, was visiting Rodriguez at his apartment. When Heather's mother Dawn DeWeese ("DeWeese") arrived to pick up Heather, a dispute arose between DeWeese and Rodriguez. Rodriguez, who is confined to a wheelchair, reached for a gun. DeWeese left the apartment and as she got into the truck where Heather was waiting, Rodriguez began firing shots toward the truck. He continued shooting as DeWeese tried to maneuver her truck around the parking lot, eventually positioning himself beside the driver's side of the truck and firing at DeWeese, injuring her arm and stomach. In connection with these events, Rodriguez was convicted of battery, a Class C felony, and criminal recklessness, a Class D felony.

### DISCUSSION AND DECISION

#### I. Double Jeopardy

Rodriguez first argues that his convictions for both criminal recklessness and battery violate double jeopardy principles because criminal recklessness is a lesser included offense of battery. We disagree. In *Games v.*

*State,* 684 N.E.2d 466 (Ind.1997), *modified on other grounds,* 690 N.E.2d 211 (Ind.1997), *cert. denied,* our supreme court set forth the proper analysis for double jeopardy claims. " 'The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.' " *Id.* at 475 (quoting *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932)). In applying the above rule, "we look only to the statutory elements of the offenses, not to the charging information, the jury instructions outlining the elements of the crime, or the underlying proof needed to establish the elements." *Games,* 684 N.E.2d at 477.

In the case before us, Rodriguez was convicted of battery as a Class C felony and criminal recklessness as a Class D felony. The battery statute provides in relevant part:

Sec. 1. (a) A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is . . .

(3) a Class C felony if it . . . is committed by means of a deadly weapon . . .

Ind.Code § 35–42–2–1(a)(3). The criminal recklessness statute provides in relevant part:

(b) A person who recklessly, knowingly, or intentionally performs:

(1) an act that creates a substantial risk of bodily injury to another person . . . commits criminal recklessness, a Class B misdemeanor. However, the offense is a . . .

(2) Class D felony if it is committed while armed with a deadly weapon. . . .

Ind.Code § 35–42–2–2(b)(1)(2).

■ Looking only to the statutory elements of these offenses, it is clear that each statute requires proof of an additional fact which the other does not. Battery requires proof of a knowing or intentional rude, insolent, or angry touching; it does not require proof of a substantial risk of bodily injury.

Criminal recklessness requires proof of a reckless, knowing, or intentional act that creates a substantial risk of bodily injury; it does not require proof of a touching. Therefore, we find no double jeopardy violation in Rodriguez' convictions for both battery and criminal recklessness.

### II. Visitation Restrictions

▮▮▮ Rodriguez next argues that the trial court exceeded its authority by disallowing Rodriguez to have visitation with Heather in his home during his period of home detention. We disagree. Placement in an in-home detention program is a matter of grace and a conditional liberty that is a favor, not a right. *Brooks v. State*, 692 N.E.2d 951, 953 (Ind.Ct.App.1998), *trans. denied.* It is an alternative to commitment to the Department of Correction and made at the sole discretion of the trial court. *Id.* This Court recently analogized home detention to probation, emphasizing that both are governed by the trial court's discretionary powers. *Id.* Based on that similarity, this Court held in *Brooks* that the standard of review for a petition for termination of in-home detention privileges is analogous to that of a probation revocation. *Id.*

▮▮▮ Similarly, we hold that in reviewing the validity of home detention conditions, we employ the same standard of review as that used in reviewing the validity of probation conditions. Trial courts are accorded broad discretion in establishing conditions of probation. *Gordy v. State*, 674 N.E.2d 190, 191 (Ind.Ct.App.1996). A probation order will be set aside on appeal only upon a showing that the trial court abused its discretion. *Reinbold v. State*, 555 N.E.2d 463, 471 (Ind.1990), *overruled on other grounds.* Applying this standard to the home detention conditions set by the trial court in the present case, we cannot say that the court abused its discretion. Rodriguez was sentenced to two years executed. The trial court allowed Rodriguez to serve his sentence in home detention rather than jail because his disability would have been difficult to accommodate in jail. As a condition of this arrangement, the trial court ordered that Rodriguez not be permitted to visit with Heather in his home. "[A]s far as

the visitation of the child, I'm not going to permit the child to visit him in the home. Because of the possible exposure of the mother who has custody. And the violence that did take place here." It is clear that the trial court's decision was not arbitrary but rather was motivated by concern for Heather and her mother. Furthermore, the trial court did not rule out all visitation, only unsupervised visitation and in-home visitation. We do not find that the trial court abused its discretion by ordering these terms.

### III. Rebutting Self–Defense Claim

▮▮▮ Finally, Rodriguez argues that he is entitled to acquittal because the State did not present sufficient evidence to rebut his claim of self-defense. Again, we disagree. For a claim of self-defense to prevail, the defendant must show that he (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *McEwen v. State*, 695 N.E.2d 79, 90 (Ind.1998). The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence challenge. *Sanders v. State*, 704 N.E.2d 119 (Ind.1999). We neither reweigh the evidence nor judge the credibility of witnesses. Instead, we consider the evidence most favorable to the verdict and all reasonable inferences to be drawn therefrom. *Id.* If the evidence and inferences provide substantial evidence of probative value to support the verdict, we affirm. *Id.*

▮▮▮ Rodriguez argues that he fired at DeWeese's truck in an attempt to avoid being run over. But the testimony provided by both DeWeese and Heather indicates that Rodriguez was in no danger of being harmed when he began shooting. In addition, the State presented evidence that the shots which injured DeWeese were fired from the driver's side of the truck, where again he was in no danger of being run over by the truck.

Rodriguez argues, however, that his version of the events, which he concedes differs from DeWeese's, indicates that he reasonably

believed he was in imminent danger of being harmed when DeWeese was backing her truck. We decline this invitation to reweigh the evidence. Not only does DeWeese's testimony refute Rodriguez' claim, but also the State presented evidence showing that Rodriguez was the initial aggressor and any attempt DeWeese might have made to frighten or harm Rodriguez was provoked by Rodriguez' own actions in firing a gun toward DeWeese. We find that the State presented sufficient evidence to rebut Rodriguez' claim of self-defense.

## CONCLUSION

Rodriguez' convictions for both criminal recklessness and battery do not violate principles of double jeopardy; the trial court did not exceed its authority by limiting Rodriguez' visitation with his daughter during his period of home detention; and the State presented sufficient evidence to rebut Rodriguez' claim of self-defense.

Affirmed.

MATTINGLY, J., concurs.

SULLIVAN, J., concurring in part and concurring in result in part with separate opinion.

SULLIVAN, Judge, concurring in part and concurring in result in part

I fully concur with respect to Parts II and III but concur in Part I only because there were two separate incidents of shooting. Although one might infer that all the shots fired were a part of the same over-all incident, the evidence reflects that the shots which support the criminal recklessness conviction and which did not strike anyone, were fired as DeWeese was driving her truck forward with Heather as a passenger. The other shots, two of which struck DeWeese, were fired after Heather had gotten out of the truck and run for help and as DeWeese was backing her truck toward Rodriguez.

I specifically do not base my concurrence upon the *Games–Blockburger* analysis utilized by the majority. *See Moore v. State*

(1998) Ind.App., 698 N.E.2d 1203, *trans. denied.*