Kirk R. MARTIN, Plaintiff–Appellant,

v.

Rodney L. JACKSON, Sheriff of Huntington County, and Michael Eisenhauer, Jail Commander, Huntington County Jail, Defendants–Appellees.

No. 00–4254.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 17, 2001.*

Decided Sept. 18, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. DANIEL A. MANION, Hon. ILANA DIAMOND ROVNER, and Hon. TERENCE T. EVANS, Circuit Judges.

### ORDER

During portions of 1997 and 1998, appellant Kirk Martin was detained on various traffic charges at the Huntington County (Indiana) Jail, which is overseen by Sheriff Rodney Jackson and Jail Commander Michael Eisenhauer. Martin claims that Jackson and Eisenhauer denied him access to the courts during his stay and then, when he protested this deprivation, retaliated by transferring him to a facility outside the county. The district court granted summary judgment for the defendants, and Martin appeals. We affirm.

Martin was arrested in August 1997 for several traffic offenses and detained pending trial. These charges gave rise to what the parties call the "918" case (referring to the last three digits of the Huntington County Superior Court's docket number). Martin requested, and received, the assistance of a public defender in the 918 case. He pleaded guilty to the charges in September 1997 and was sentenced to 365 days with all but 180 days suspended.

Martin remained in the Huntington County facility to serve his sentence, and while there made numerous requests to use the law library. Although he was allowed to use the library, Martin believed that it was inadequate because it lacked copies of Indiana court rules and case reports and housed only Indiana Code books that were missing pages containing the criminal statutes. Martin complained about the library's collection to Jackson and Eisenhauer, but to no avail. Then in October 1997 he filed a "Demand for Access to Court" with the Huntington County

Superior Court, which ordered that Martin be given one hour of library time every two weeks. Martin alleges that, despite the court's order, he reached his November 1997 release date before finishing a motion for home detention that he wanted to file with the superior court in the 918 case.

Martin was arrested again for traffic offenses in January 1998 and was returned to the Huntington County Jail. He was released on bail a week later. In April, Martin filed a notice of claim with the Huntington County attorney regarding his alleged denial of access to legal materials while incarcerated in 1997; this claim was denied by the county's insurance company. Martin returned to the Huntington County Jail in June when his probation in the 918 case was revoked. The day after he arrived, Martin wrote a letter to Jackson regarding some legal files that had been confiscated. The next day, Martin was transferred to the county jail in Allen County, Indiana. The defendants attribute the transfer to overcrowding in Huntington County and the availability of better library facilities in Allen County; Martin's mother, however, insists that Eisenhauer told her that Martin was transferred because he had initiated a lawsuit against the county. Martin remained in Allen County until his trial on the January 1998 charges, and was subsequently transferred to an Indiana Department of Corrections institution.

In August 1999 Martin brought suit under 42 U.S.C. § 1983 claiming that Jackson and Eisenhauer violated his constitutional rights by denying him access to the courts (by refusing his requests for legal materials), and by transferring him to the Allen County Jail in retaliation for his complaints. The district court granted summary judgment for the defendants, concluding that the evidence established that Martin had adequate access to legal materials, that regardless he was represented by counsel in the 918 case, and that he could not prove any legal detriment resulting from the defendants' conduct. The court also held that Martin could not refute the defendants' explanation that legitimate reasons motivated the transfer to Allen County. In the alternative, the court held that the defendants were entitled to qualified immunity on both of Martin's claims. We review a grant of summary judgment *de novo. Estate of Novack ex rel. Turbin v. County of Wood,* 226 F.3d 525, 529 (7th Cir.2000). We take all of the evidence in the light most favorable to the plaintiff and draw all reasonable inferences in his favor. *Id.*

■■■■ With respect to his access-to-the-courts claim, Martin has narrowed his position in this court and argues only that the defendants unconstitutionally prevented him from filing a motion for home detention in the 918 case. The parties disagree whether Martin was represented by counsel at the time he wanted to file his motion. We need not resolve this dispute, however, because even if Martin were not represented by counsel at the time he wanted to file his motion, he still failed to show a genuine issue of dispute about whether his right of access to the courts was infringed. It is well established that prisoners have a right of access to the courts. *See, e.g., Lewis v. Casey,* 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). That right, however, is not unlimited; "meaningful access to the courts is the touchstone." *Id.* at 351. Meaningful access requires that prisoners have "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Sahagian v. Dickey,* 827 F.2d 90, 96 (7th Cir.1987) (quoting *Lewis,* 518 U.S. at 351). Prisoners are thus entitled to access to the courts

to present challenges to their convictions or allegations of infringements of their constitutional rights through habeas corpus proceedings and civil rights suits. *Sahagian,* 827 F.2d at 97.

 Martin failed to establish that the defendants thwarted any attempt by him to vindicate his fundamental constitutional rights. Martin alleges that the defendants prevented him from filing a motion for home detention. That motion, however, was neither a challenge to the validity of his conviction or sentence, nor an allegation that his constitutional rights had been infringed. Rather, as Martin says, he wanted to file the motion because "[t]he executed jail sentence was longer than the Plaintiff expected and Plaintiff desired to seek placement on home detention." Prisoners do not have a constitutional right to be incarcerated in a particular institution, *Meachum v. Fano,* 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), much less any right to serve out their sentence in home detention. Indeed, under Indiana law, "[p]lacement in an in-home detention program is a matter of grace and a conditional liberty that is a favor, not a right." *Rodriguez v. State,* 714 N.E.2d 667, 670 (Ind.App.1999); *see also Brooks v. State,* 692 N.E.2d 951, 953 (Ind.App.1998). Martin's motion for home detention therefore was not directed toward vindicating a fundamental constitutional right, and the defendants did not infringe Martin's right of access to the courts.

Martin next challenges the district court's ruling on his retaliation claim, arguing that the district court improperly resolved conflicting evidence. The district court was presented with conflicting reasons for Martin's transfer to the Allen County facility. The defendants asserted that overcrowding at Huntington and Martin's demands on jail officials motivated the transfer. Martin's mother, however, stated in an affidavit that Eisenhauer told her "[y]ou know Kirk filed a lawsuit against us, so we figured since he wasn't happy here, he would be happier in Fort Wayne." Even assuming that the defendants did transfer Martin to Allen County in part because he had filed a lawsuit against them, his retaliation claim still fails.

 In order to establish a claim for retaliation, a plaintiff must show 1) that he invoked a specific constitutional right, 2) the defendants' intent to retaliate against him for exercising that right, 3) a retaliatory adverse act, and 4) causation, i.e., "but for the retaliatory motive the complained of incident ... would not have occurred." *Johnson v. Rodriguez,* 110 F.3d 299, 310 (5th Cir.1997). Martin did present evidence that his transfer was based at least in part on his filing a claim against the county, which is protected conduct. Once a plaintiff puts forth evidence that the decision to transfer him was motivated in part by his protected activity, the defendant can prevail on summary judgment by showing that the transfer would have been made even in the absence of the plaintiff's protected activity. *Smith v. Campbell,* 250 F.3d 1032, 1038 (6th Cir.2001). The appellants set forth ample evidence that Martin would have been transferred even if he had not filed a claim against the county. Martin failed to rebut this evidence, and the district court properly granted summary judgment for the appellants.

Jackson testified at his deposition that Martin made numerous requests for access to legal materials, transport to the Huntington County Law Library, and for medical attention. These requests occupied an inordinate amount of the time of the employees of the Huntington County Jail: Jackson testified that Martin's requests were "basically causing problems within the facility where other inmates weren't

being allowed or being able to get the attention of the other officers." Jackson also testified in an affidavit that the Allen County law library is larger than that of the Huntington County Jail, and that he had received advice from the Huntington County attorney to transfer Martin to Allen County because of this fact. Martin did not rebut any of this evidence showing that reasons beside his exercise of his First Amendment rights also motivated his transfer. Martin accordingly did not muster any evidence to create a fact dispute about whether he would have been transferred "but for" exercising his rights, and he failed to establish a retaliation claim. *See Ponchik v. Bogan,* 929 F.2d 419, 420 (8th Cir.1991); *see also Ward v. Dyke,* 58 F.3d 271, 274–75 (6th Cir.1995) (transferring a prisoner because he filed numerous grievances against prison officials does not constitute impermissible retaliation).

Martin's remaining challenges require little discussion. Martin argues that the district court erred by denying his motion for oral argument on the defendants' motion for summary judgment. Since both parties submitted their arguments in written briefs, the court did not abuse its discretion by denying an oral hearing. *See Hill v. Porter Memorial Hospital,* 90 F.3d 220, 224 (7th Cir.1996). Martin also asserts that the district court erroneously denied his motion for rule to show cause predicated on alleged perjury by Jackson. The court's denial of Martin's motion was not an abuse of discretion, *see Sattar v. Motorola, Inc.,* 138 F.3d 1164, 1171–72 (7th Cir.1998), because Martin failed to present evidence showing that Jackson had in fact lied during his deposition.

For the foregoing reasons, we AFFIRM the judgment of the district court.