**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

May 29 2012, 8:40 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL P. QUIRK**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| MICHAEL D. McGEE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  18A04-1110-CR-566 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Marianne L. Vorhees, Judge
Cause No. 18C01-1004-FC-15

**May 29, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Michael D. McGee appeals the trial court's order revoking his home detention and ordering him to serve his entire four-year sentence in the Department of Correction (DOC). Specifically, McGee argues that the trial court erred in ordering him to serve the entirety of his sentence. Finding no error, we affirm the judgment of the trial court.

FACTS

In November 2010, McGee pleaded guilty to one count of class C felony non-support of a child. Pursuant to the terms of a plea agreement, in January 2011, the trial court sentenced McGee to four years of incarceration with two years suspended to supervised probation. The trial court authorized McGee to serve the executed portion of his sentence on home detention with electronic monitoring by Delaware County Community Corrections.

In March 2011, less than three months after McGee began serving home detention, the State filed a motion to revoke it. Specifically, the motion alleged that McGee committed theft and escape when he failed to return to his home and took the electronic serial monitoring transmitter owned by Community Corrections. The motion also alleged that McGee tested positive for cocaine and left his home without permission for forty-eight hours. Lastly, the motion alleged that McGee owed $1220 in fees.

At a September 2011 hearing on the motion, McGee admitted the allegations, and at a dispositional hearing the following month, the trial court revoked his two-year home detention and ordered him to serve all four years of the previously-imposed sentence. McGee appeals the imposition of the entire four-year sentence.

2

## DISCUSSION AND DECISION

McGee's sole argument is that the trial court abused its discretion in ordering him to serve the entirety of his previously-imposed sentence after it revoked his home detention. McGee specifically argues that imposition of the entire four-year sentence is inappropriate pursuant to Indiana Appellate Rule 7(B). However, this is not the correct standard to apply when reviewing a sentence imposed for a home detention violation. See Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007) (holding that Rule 7(B) is not the correct standard when reviewing a sentence imposed for a probation violation).

Placement in an in-home detention program is a matter of grace and conditional liberty that is a favor, not a right. Rodriguez v. State, 714 N.E.2d 667, 670 (Ind. Ct. App.1999). It is an alternative to commitment to the DOC and made at the sole discretion of the trial court. Id. This Court has previously analogized home detention to probation, emphasizing that both are governed by the trial court's discretionary powers. See Brooks v. State, 692 N.E.2d 951, 953 (Ind. Ct. App. 1998). Based on that similarity, we held in Brooks that the standard of review for a petition for a termination of home detention privileges is analogous to that of a probation revocation. Id. Similarly, in Rodriguez, we held that in reviewing the validity of home detention conditions, we would employ the same standard of review as that used in reviewing the validity of probation conditions. 714 N.E.2d at 670. Accordingly, in reviewing a sentence imposed following the revocation of home detention, we employ the same standard of review as that used in reviewing the validity of a sentence imposed following the revocation of probation.

3

Our Supreme Court has explained that once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. Prewitt, 878 N.E.2d at 188. If this discretion were not afforded to trial courts, and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants. Id. Accordingly, we review a trial court's sentencing decisions for probation violations for an abuse of discretion. Id. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. Id.

Upon finding that a probationer has violated a condition of probation, the trial court may continue probation, with or without modifying or enlarging the conditions, extend probation for not more than one year beyond the original probationary period, or order execution of the initial sentence that was suspended. Ind. Code § 35-38-2-3(g). Further, if the procedures for revoking probation have been properly followed, we will uphold the trial court's imposition of the entire previously-suspended sentence. Goonen v. State, 705 N.E.2d 209, 212-13 (Ind. Ct. App. 1999).

Here, McGee admitted that while he was on home detention, he committed the offenses of theft and escape. He also tested positive for cocaine, left his home without permission for forty-eight hours, and owed over $1,000 in fees. These admitted violations justified the imposition of the entirety of McGee's four-year sentence. See Sanders v. State, 825 N.E.2d 952, 958 (Ind. Ct. App. 2005) ( affirming the imposition of a five-year previously-suspended sentence based upon the defendant's commission of

4

three new offenses and a positive test for cocaine).  Consequently, we affirm the decision

of the trial court.

       The judgment of the trial court is affirmed.

KIRSCH, J., and BROWN, J., concur.

5