## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**ATTORNEY FOR APPELLANT**

Suzy St. John
Indianapolis, Indiana

**ATTORNEYS FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Pamela Richardson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 24, 2015<br><br>Court of Appeals Cause No.<br>49A04-1406-CR-244<br><br>Appeal from the Marion Superior Court<br>Cause No. 49F10-1403-CM-11969<br><br>The Honorable Linda Brown, Judge<br>The Honorable Marshelle Broadwell, Master Commissioner |

**Barnes, Judge.**

## Case Summary

Pamela Richardson appeals her conviction for Class B misdemeanor disorderly conduct. We affirm.

## Issue

The issue before us is whether there is sufficient evidence to support Richardson's conviction and rebut her claim of self-defense.

## Facts

The evidence most favorable to the conviction is that, on Saturday, March 8, 2014, Richardson went to Indy Trade Association, a small bar in Indianapolis. Richardson was seated at the counter, which was next to the dance floor. Yvette Markey and her husband, neither of whom knew Richardson, were dancing close to Richardson. Richardson became agitated at the couple's "bouncing around" and "jumping" next to her, and a physical altercation ensued between Richardson and Markey. Tr. p. 28. Markey alleged that Richardson "swung and hit" her, while Ieshir Walker, a disk jockey working at the bar, testified that Markey instigated the fight. *Id.* at 8, 29.

After seeing the altercation, Walker, an acquaintance of Richardson's, broke up the fight between Richardson and Markey, and escorted Richardson outside. Markey called the police to report the altercation and provided a description of Richardson. Officer Jonathan Schultz of the Indianapolis Metropolitan Police

Department was dispatched and arrived at the bar around 1:00 a.m. By this time, Richardson was back inside the bar.

[5] Upon entering the bar, Officer Schultz identified Richardson from the description provided, and while moving through the crowd, he "noticed that [Richardson] started to punch an unidentified male"—purportedly a cousin of Markey's. *Id.* at 17. Identifying himself as a police officer, Officer Schultz, who was in uniform, approached Richardson and ordered her to stop. Richardson did not immediately desist and "punched the male a few more times" in Officer Schultz's presence. *Id.* at 17-18.

[6] Richardson was arrested and charged with battery, a Class A misdemeanor, and disorderly conduct, a Class B misdemeanor. Richardson asserted claims of self-defense for both charges. After a bench trial, Richardson was found not guilty of battery but was convicted of disorderly conduct. In so finding, the trial court emphasized that Richardson "continued to punch the unidentified male" even after Officer Schultz ordered her to stop. *Id.* at 42. Richardson now appeals.

## Analysis

[7] "The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim." *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of the witnesses. *Bailey v. State*, 979 N.E.2d

133, 135 (Ind. 2012). We view all evidence—even if conflicting—and reasonable inferences drawn therefrom in a light most favorable to the conviction. *Id.* We affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

[8] To convict Richardson of disorderly conduct, the State was required to prove that she recklessly, knowingly, or intentionally engaged in "fighting or tumultuous conduct." *See* Ind. Code § 35-45-1-3(a)(1). Richardson does not deny that she fought with the unidentified male but argues that her actions were justifiable as a measure of self-defense. "A person is justified in using reasonable force against another person to protect the person . . . from what the person reasonably believes to be the imminent use of unlawful force." I.C. § 35-41-3-2(a). To prevail on a self-defense claim, the defendant must show that she (1) was in a place where she had a right to be; (2) acted without fault; and (3) was in reasonable fear or apprehension of bodily harm. *Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003). The State need only disprove one of these elements beyond a reasonable doubt for the self-defense claim to fail. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002). If a defendant is convicted despite a claim of self-defense, we will reverse only if no reasonable person could find that self-defense was negated by the State beyond a reasonable doubt. *Id.* at 800-01.

[9] There is substantial evidence that Richardson acted with fault by willingly participating in the fight from which the disorderly conduct conviction derives.

*See Rodriguez v. State*, 714 N.E.2d 667, 679 (Ind. Ct. App. 1999), *trans. denied*. Even if Richardson may have been justified in initially defending herself against the unidentified male, her continued violence after Officer Schultz ordered her to stop indicates willful participation, which negates the self-defense claim.

[10] Richardson contends that her actions were based on a good-faith belief that continued physical force was necessary to repel the unidentified man. For a self-defense claim to prevail, the "amount of force which is reasonably necessary to defend oneself is determined from the standpoint of the accused *in light of the surrounding circumstances*," and the force must be commensurate to that required in the situation. *Geralds v. State*, 647 N.E.2d 369, 373 (Ind. Ct. App. 1995) (emphasis added), *trans. denied*. By continuing to engage in fighting after the announced presence of a uniformed police officer, Richardson's force was excessive and unwarranted given the circumstances. In light of Officer Schultz's presence, Richardson employed more physical force than was reasonably necessary, extinguishing her right to a self-defense claim. *Harmon v. State*, 849 N.E.2d 726, 731 (Ind. 2006). A reasonable person in similar circumstances would not deem such continued force necessary to prevent harm while in the presence of an officer. *See Washington v. State*, 997 N.E.2d 342, 349 (Ind. 2013) ("[F]acts and circumstances must be balanced against what a reasonable person would believe under the same or similar circumstances.").

[11] The law of self-defense is predicated on necessity. A claim of self-defense is valid only when the necessity begins and ends when the necessity dissolves. *Whipple v. State*, 523 N.E.2d 1363, 1366 (Ind. 1988). Officer Schultz's presence

significantly abated if not terminated any necessity of self-defense, rendering Richardson's self-defense claim unavailing.

## Conclusion

There is sufficient evidence to support Richardson's conviction. We affirm.

Affirmed.

May, J., and Pyle, J., concur.