## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 19 2016, 8:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Schuyler Stewart,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 19, 2016

Court of Appeals Case No.
49A02-1509-CR-1446

Appeal from the Marion Superior Court

The Honorable David Hooper, Magistrate

Trial Court Cause No.
49G01-1407-CM-34061

**Baker, Judge.**

[1] Schuyler Stewart appeals his conviction for Pointing a Firearm at Another Person, a class A misdemeanor.[1] Stewart argues that the evidence is insufficient to support the conviction. Finding the evidence sufficient, we affirm.

# Facts

[2] At some time between one and three in the morning on June 9, 2014, Gilbert Buford and his daughter, Monica Buford, went to Stewart's home. Stewart and Monica were in an "on and off" relationship, tr. p. 8-9, and Monica had asked her father to help her get her cell phone back from Stewart earlier that night. Gilbert knocked on the door, and when Stewart answered, Gilbert asked him to return the cell phone. Stewart responded that he did not have the phone, and at that point raised a firearm and pointed it in the direction of Gilbert and Monica. Tr. p. 6-7. At trial, Gilbert testified that the firearm looked like a semi-automatic and could not have been anything other than a firearm. Tr. p. 7. After Stewart pointed the firearm toward them, Gilbert and Monica left the scene.

[3] On July 11, 2014, the State charged Stewart with Pointing a Firearm at Another Person, a class A misdemeanor. His bench trial took place on August 28, 2015. The trial court found him guilty as charged, and sentenced him to 365 days, with 60 days executed and 305 days suspended. Stewart now appeals.

---

[1] Ind. Code § 35-47-4-3(b).

# Discussion and Decision

[4]     The sole argument that Stewart raises on appeal is that there is insufficient evidence to support his conviction. To convict Stewart of this offense, the State was required to prove beyond a reasonable doubt that Stewart "knowingly or intentionally" pointed a firearm at Gilbert or Monica. I.C. § 35-47-4-3(b). Our standard of review for sufficiency of the evidence is well settled:

> We neither reweigh the evidence nor judge the credibility of witnesses. Instead, we consider the evidence most favorable to the verdict and all reasonable inferences to be drawn therefrom. If the evidence and inferences provide substantial evidence of probative value to support the verdict, we affirm.

*Rodriguez v. State*, 714 N.E.2d 667, 670 (Ind. Ct. App. 1999) (internal citations omitted). Further, "the uncorroborated testimony of one witness may be sufficient by itself to sustain a conviction on appeal." *Toney v. State*, 715 N.E.2d 367, 369 (Ind. 1999).

[5]     In support of his argument, Stewart contends that the evidence is insufficient because no gun was admitted into evidence, Gilbert did not remember the firearm's color, and Gilbert did not see the firearm up close or handle it. Appellant's Br. p. 6. Stewart also argues that Gilbert "did not testify about the lighting or the distance between the men which would have impacted his opportunity to observe" and that Gilbert's "bias against [him] was evident." *Id.* at 8.

[6]     However, Stewart's claims amount to a request for this Court to reweigh the evidence and assess the credibility of the witness. This is the province of the factfinder, who deemed Gilbert's testimony credible. Gilbert testified unequivocally that Stewart pointed a firearm in Gilbert's direction. Based upon this testimony, a reasonable factfinder could find that Stewart knowingly or intentionally pointed a firearm at Gilbert and Monica. Considering the evidence in the light most favorable to the trial court's ruling, we find the evidence sufficient to sustain the verdict.

[7]     The judgment of the trial court is affirmed.


May, J., and Brown, J., concur.