## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 07 2018, 7:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Timothy Rush,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 7, 2018<br><br>Court of Appeals Case No.<br>34A02-1712-CR-2892<br><br>Appeal from the Howard Superior Court.<br>The Honorable George A. Hopkins, Judge.<br>Trial Court Cause No.<br>34D04-1708-F5-134 |

**Rucker, Senior Judge**

[1] Timothy Rush appeals his thirty-month sentence for operating a motor vehicle after forfeiture of license for life contending it is inappropriate. We disagree and therefore affirm.

# Facts and Procedural History

[2] This case arises out of an August 8, 2017 investigation by the Kokomo police department into a possible hit-and-run car crash. Officers arrested Rush, and the following day the State charged him with Count 1 operating a motor vehicle after forfeiture of license for life, a Level 5 felony;[1] Count 2 possession of a controlled substance, a Level 6 felony;[2] Count 3 false informing, a Class B misdemeanor;[3] Count 4 leaving the scene of an accident, a Class B misdemeanor;[4] and Count 5 unlawful use of body armor, a Level 6 felony.[5]

[3] At some point, not clear from the record before us, Rush and the State entered an agreement by which Rush would plead guilty to Count 1 as a Level 6 felony and in exchange the State would dismiss the remaining charges.[6] At the change of plea hearing conducted October 12, 2017, the trial court advised Rush,

---

[1] Ind. Code § 9-30-10-17 (2015).

[2] Ind. Code § 35-48-4-7 (2014).

[3] Ind. Code § 35-44.1-2-3 (2016).

[4] Ind. Code § 9-26-1-1.1 (2017).

[5] Ind. Code § 35-47-5-13(b) (2014).

[6] The parties contend that Rush was charged in Count 1 with operating a motor vehicle as a habitual traffic violator, a Level 5 felony. Appellant's Br. p. 4; Appellee's Br. p. 4. They then assert that by agreement with the State Rush pleaded guilty to operating a motor vehicle after forfeiture for life, a Level 6 felony as a lesser included offense of Count 1. Appellant's Br. p. 4; Appellee's Br. p. 4. First, the record is clear that Rush was charged in Count 1 with operating a motor vehicle after forfeiture of license for life, a Level 5 felony. *See* Appellant's App. Vol. 2, pp. 12, 17. Thus, Rush pleaded guilty to the exact offense for which he was charged, albeit as a purported lesser included Level 6 felony. Because neither party raises the issue in this appeal, we express no opinion on how or whether the charge of operating a motor vehicle after forfeiture of license for life, as a Level 6 felony, is a lesser offense of either operating as a habitual traffic violator, a Level 5 felony, or operating after forfeiture for life, a Level 5 felony.

among other things, of the penalty range for a Level 6 felony offense. As for a factual basis for the plea, the parties stipulated to the facts set forth in the affidavit of probable cause and its attachments. The trial court took the plea under advisement and set the matter for sentencing.

At the November 17, 2017 sentencing hearing neither side presented evidence. Instead, the State asked the trial court to accept the thirty-month in-home detention recommended by the probation department. Rush argued for twenty-four months of in-home detention followed by six months of supervised probation. Noting Rush's criminal history—which includes "10 felonies and 11 misdemeanors"—the trial court declared that although "[t]hirty months is not beyond reason . . . [i]n-home is not appropriate in this case." Tr. p. 13. The trial court then sentenced Rush to thirty months executed, to be served in the Howard County jail. This appeal followed.

# Discussion and Decision

Rush begins his argument by declaring that the trial court erred in sentencing him because it did not give proper consideration to his character and the nature of the crime. He then invites this Court to review and revise his sentence contending it is inappropriate under Indiana Appellate Rule 7(B).

Though a trial court may have acted within its lawful discretion in determining a sentence, article VII, section 4 of the Indiana Constitution "authorizes independent appellate review and revision of a sentence imposed by the trial court." *Buchanan v. State*, 767 N.E.2d 967, 972 (Ind. 2002). This appellate

authority is implemented through Appellate Rule 7(B) which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[7] Subject to this review and revise authority, sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for abuse of that discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). Contrary to Rush's apparent assertion, the nature of the offense and the character of the offender are not factors the trial court is bound to consider when exercising its sentencing discretion; rather, Appellate Rule 7(B) "articulates a standard of review designed as guidance for appellate courts." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Further, a request for sentence revision under Rule 7(B) is not a claim of sentencing error. *Kimbrough v. State*, 979 N.E.2d 625, 630 (Ind. 2012). Instead, it is a request for an appellate tribunal to exercise its constitutional authority to revise a lawfully entered sentence. *Id.* With this in mind, we evaluate Rush's claims.

[8] The location where a sentence is to be served is an appropriate focus for application of our review and revise authority. *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). However, it is difficult for a defendant to prevail on a claim that the placement of his or her sentence is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007). This is so in part because the question under Rule 7(B) is not whether another sentence, or another location, is more appropriate; rather, the question is whether the sentence imposed is

inappropriate. *Id.* The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress*, 848 N.E.2d at 1080.

[9] Placement in a community corrections program is an alternative to serving a sentence in the Department of Correction—or here, the county jail—and is made at the sole discretion of the trial court. *Brown v. State*, 947 N.E.2d 486, 489 (Ind. Ct. App. 2011), *trans. denied*. A defendant is not entitled to serve his or her sentence in a community corrections program; rather, such placement is a matter of grace and conditional liberty that is a favor and not a right. *Id.* In similar fashion, "[p]lacement in an in-home detention program is [also] a matter of grace and a conditional liberty that is a favor, not a right." *Rodriguez v. State*, 714 N.E.2d 667, 670 (Ind. Ct. App. 1999), *trans. denied*.

[10] Rush contends that his placement in the county jail is inappropriate in light of the nature of his offense and his character. As for the nature of his offense, Rush offers a few short lines in support: (1) "Rush operated a vehicle while suspended"; (2) "[o]nly the worst offense and offenders should be sentenced under the maximum enhancement permitted by law"; and (3) "[o]perating a vehicle while suspended for life cannot be seen as the worst of the worst Level 6 felonies." Appellant's Br. p. 6. He concludes by asserting "the nature of the offense does not rise to the level warranting a maximum sentence." *Id.* As for his character, Rush concedes that he has "a criminal history that is concerning." *Id.* at 7. He argues, however, that "the nature of his offenses [is] not such that Rush's character requires the worst treatment." *Id.* According to Rush, his

sentence "would be better served on Community Corrections, or through the Howard County Work Release program instead of penal incarceration." *Id.*

[11] We first observe that in this appeal Rush does not challenge the length of his sentence. Instead, he challenges only the location where the sentence is to be served. Thus, his references to "maximum enhancement" and "maximum sentence" and "worst treatment" are off the mark and lack merit. Further, Rush's contention that his sentence would be best served in community corrections or county work release is merely a claim that such placement is more appropriate than that imposed by the trial court. But this is not the test. Where a defendant challenges the placement of a sentence, he must convince us that the given placement is itself inappropriate. *Fonner*, 876 N.E.2d at 343.

[12] Concerning the nature of the offense, the record shows this was not a run-of-the-mill operating while suspended case as Rush implies. Instead, the record shows that while his driving license was forfeited for life, Rush took unauthorized possession of a car, crashed it into a mailbox, and left the scene. As for the character of the offender, Rush was age 35 at the time of the instant offense. He has a criminal history which, including his juvenile record, spans more than twenty years. Most are driving-related convictions, but his record also includes drug-related offenses, property crimes, and at least one act of physical violence. *See* Appellant's App. Vol. 2, pp. 46-55. Significantly, on three different occasions Rush was placed on home detention which was later either partially or fully revoked for non-compliance. *See id.* at 47, 49, 50. And

on at least one other occasion Rush's one-year probation was revoked for violation. *Id.* at 50.

[13] When we consider the character of the offender, one relevant fact is the defendant's criminal history. *Holloway v. State*, 950 N.E.2d 803, 807 (Ind. Ct. App. 2011). The significance of criminal history depends on "the gravity, nature, and number of prior offenses in relation to the current offense." *Id.* Rush's criminal history is extensive. As the trial court pointed out, it includes "10 felonies and 11 misdemeanors." Tr. p. 13; *see also* Appellant's App. Vol. 2, pp. 46-51. Further, Rush has had prior failures with home detention and probation. In the end, Rush has not convinced this Court that his sentence is inappropriate based on his character and the nature of his offense.

# Conclusion

[14] We affirm the judgment of the trial court.

May, J., and Barnes, J., concur.