Jackie R. BROOKS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9706–CR–403.

Court of Appeals of Indiana.

March 23, 1998.

Rehearing Denied May 28, 1998.

Transfer Denied July 21, 1998.

William Byer, Jr., Byer & Byer, Anderson, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Kimberly MacDonald, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Jackie R. Brooks appeals the termination of his in-home detention.

We affirm.

### ISSUES

Brooks raises one issue for our review: whether the evidence was sufficient to support the termination of his in-home detention.

### FACTS AND PROCEDURAL HISTORY

On April 22, 1996, under three separate cause numbers, Brooks pled guilty to Driving While Intoxicated, a Class D Felony; Operating a Motor Vehicle After Suspension for Life, a Class C Felony; Driving While Intoxicated, a Class C Misdemeanor; Driving While Intoxicated, a Class D Felony; Battery, a Class A Misdemeanor; and Criminal Recklessness, a Class D Felony. The court sentenced Brooks to a total ten-year sentence, suspended seven years, while also placing Brooks on In–Home Detention for the first year of his sentence, and ordering him to be placed on probation for seven years. Execution of the first year of the sentence was stayed and to be served on in-home detention. Upon completion of the executed sentence, Brooks was to be placed on probation for a period of seven (7) years.

On the evening of February 5, 1997, Anderson Police Officer Brian Russ was on routine patrol when he saw Brooks and another man facing each other on a street corner. When Officer Russ pulled up near the men, Brooks jogged away. Officer Russ stopped his vehicle and asked Brooks to come back and talk to him. Brooks looked back at Officer Russ and ran. Officer Russ then ordered Brooks to stop so that he could talk with him, and Brooks complied. When Brooks concealed his hands in his pockets, Officer Russ ordered him several times to remove his hands from his pockets, but Brooks would not comply. Finally, Brooks walked around the opposite side of the car from Officer Russ, and Officer Russ observed Brooks slip an object from his pocket and drop it to the ground. Officer Russ heard a "ping" sound on the ground where Brooks was standing as Brooks slipped the object from his pocket. After a second police officer arrived, Officer Russ went to the location where Brooks had been standing and found a black wallet and a small metal pipe that is commonly used to smoke crack cocaine. Inside the wallet, Officer Russ found a small metal rod, which is used to push crack down inside a pipe, a small screen, and a cellophane wrapper that contained a small, white, rock-like substance, later found to be cocaine.

On February 6, 1997, the State charged Brooks with Possession of Cocaine, a Class D Felony, and Possession of Paraphernalia, a Class B Misdemeanor. On February 13, 1997, the Probation Department filed a Violation of Suspended Sentence alleging that Brooks violated his probation when he committed new criminal offenses of possession of cocaine and possession of drug paraphernalia. On March 27, 1997, after a hearing, the

court found that Brooks violated his terms of in-home detention when he possessed cocaine and drug paraphernalia, imposing the balance of his sentence.

### DISCUSSION AND DECISION

Brooks contends that the trial court committed reversible error in determining that he had violated the terms and conditions of in-home detention. He argues that the State of Indiana failed to prove that he had in fact committed any additional offenses to justify the termination of in-home detention.

This court has analyzed the connection between community correction programs and probation, determining the difference between the two to be insignificant. *Million v. State*, 646 N.E.2d 998, 1001 (Ind.Ct.App. 1995). This court held that, "a community corrections program is an alternative to commitment to the Department of Correction and made at the sole discretion of the trial court." *Id.* We further held that, "a defendant is not entitled to serve his sentence in a community corrections program but, as with probation, placement in the program is a 'matter of grace' and a 'conditional liberty that is a favor, not a right.'" *Id.* at 1002 (quoting *Gilfillen v. State*, 582 N.E.2d 821, 824 (Ind.Ct.App.1991); *Perry v. State*, 642 N.E.2d 536, 538 (Ind.Ct.App.1994)). Similarly, placement in an in-home detention program is a matter of grace and a conditional liberty that is a favor, not a right. Furthermore, in *Ashba v. State*, 570 N.E.2d 937 (Ind.Ct.App.1991), *aff'd* 580 N.E.2d 244, *cert. denied*, 503 U.S. 1007, 112 S.Ct. 1767, 118 L.Ed.2d 428 (1992), this court construed the probation revocation statute [Ind.Code Sec. 35-38-2-1] and held that the trial court may revoke a defendant's probation before he enters the probationary phase of his sentence. *Id.* at 939. Based upon this similarity of an in-home detention program and probation, the standard of review for a petition for termination of in-home detention privileges is analogous to that of a probation revocation hearing.

A probation revocation hearing is in the nature of a civil proceeding and the alleged violation need be proven only by a preponderance of the evidence. *King v. State*, 642 N.E.2d 1389, 1393 (Ind.Ct.App. 1994). When the sufficiency of a factual basis is challenged, the court on appeal neither reweighs the evidence nor rejudges the credibility of the witnesses, but looks to the evidence most favorable to the State. *Id.* If there is substantial evidence of probative value to support the trial court's decision that the probationer is guilty of any violation, revocation of probation is appropriate. *Id.* Proof of any one violation is sufficient to revoke a defendant's probation. *Menifee v. State*, 600 N.E.2d 967, 970 (Ind.Ct.App.1992), *clarified and reh'g denied*, 605 N.E.2d 1207 (1993).

Brooks argues that the State failed to prove, by a preponderance of the evidence, that he had in fact committed any additional offenses to justify the revocation of probation. Brooks argues that the evidence most favorable to the State does not reveal that he violated his probation by having crack cocaine, a pipe, and other paraphernalia in his possession. Specifically, Brooks argues a direct conflict in the arresting officer's original affidavit and this same officer's testimony at trial as to the fact that the individual accompanying Brooks was in the same area where the billfold and pipe were located. Additionally, Brooks argues that testimony revealed that his wallet was in his possession at the time he was incarcerated and booked into the Madison County Detention Center. Brooks contends that this evidence directly contradicts the State's evidence of a billfold being found with cocaine and a push-pin inside it belonging to Brooks.

Although mere evidence of an arrest is not sufficient to support revocation of probation, proof at the revocation hearing that the defendant engaged in the alleged criminal conduct or proof of the conviction thereof, is sufficient to support revocation of probation. *Gleason v. State*, 634 N.E.2d 67, 68 (Ind.Ct.App.1994). Furthermore, if the trial court, after a hearing, finds that the arrest was reasonable and there is probable cause to believe the defendant violated a criminal law, revocation will be sustained. *Gee v. State*, 454 N.E.2d 1265, 1267 (Ind.Ct. App.1983). In the present case, the State

presented sufficient evidence showing probable cause to believe that Brooks violated a criminal law. At Brooks's termination hearing, Officer Russ, the arresting officer, testified that when he approached Brooks on February 5, 1997, he ran from him and attempted to conceal his hands in his pockets. Brooks then dropped a crack pipe and a wallet containing a white, rock-like substance from his pocket to the ground. An Anderson Police Department chemist found that this white substance was cocaine and the pipe contained cocaine residue. The trial court could infer from Officer Russ's testimony that the cocaine and drug paraphernalia found on the ground belonged to Brooks, entitling the trial court to conclude that Brooks violated the terms of his in-home detention by committing a criminal offense.

### CONCLUSION

The revocation of Brooks's in-home detention is supported by sufficient evidence.

Affirmed.

NAJAM and BAKER, JJ., concur.