Daroll PAVEY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 23A04–9812–CR–602.

Court of Appeals of Indiana.

May 21, 1999.

John Pinnow, Greenwood, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Sarah E. Scherrer, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Defendant Daroll Pavey ("Pavey") appeals from the trial court's revocation of his placement in West Central Regional Community Corrections (the "Program") following his plea of guilty for two counts of Operating a Vehicle While Intoxicated, Class D felonies.[1] Pavey's placement in the Program was revoked for an alleged violation of the rules governing that Program. The trial court then committed Pavey to the Indiana Department of Corrections for a determinate period of three years, with 159 days credit for time spent incarcerated. We affirm.

### Issues

Pavey raises three issues on appeal which we consolidate and restate into two:

I. Whether the trial court, at sentencing, sufficiently advised Pavey of the terms of the program.

II. Whether the filing of a Program violation under Cause No. 23C01–9804–DF–178 was sufficient due process notice that Pavey's placement in a community corrections program and probation could be revoked, along with the reinstatement of his three year suspended sentence reinstated.

### Facts

The evidence most favorable to the trial court's judgment indicates that Pavey pled guilty to two counts of operating a vehicle while intoxicated. (R. 73, 76). On May 19, 1998, the trial court sentenced Pavey as follows:

... for each of said offenses [Pavey] be committed to the Indiana Department of Correction for a determinant period of 1½ years, said sentencing to run consecutive for a total sentence of 3 years ... the first 1½ years be served by direct commitment to the [Program] *all components applicable.* Balance of said sentence suspended

and [Pavey] placed on probation for 1½ years with terms to be fixed by the court. (R. 37) (emphasis added).

Pavey was placed on work release by the Program. (R. 46). The Program's work release agreement included language to the effect that violation of its terms could result in imposition of Pavey's full sentence. (R. 46). Under the terms of the work release agreement, Pavey agreed not to violate any rules of the Fountain County Jail ("Jail"), despite not receiving a written copy of the jail rules. (R. 84, 87, 98). The Jail rules prohibited possession of any tobacco products. (R. 85, 89). Upon return to the Jail from work release, Pavey was found to be in possession of cigarettes. (R. 84). Deputy Sheriff Kemp ("Sheriff") saw a cigarette fall from Pavey's clothes and then another cigarette was found in Pavey's shoe. (R. 84). The Sheriff testified that Pavey stated "he didn't know where [the cigarette which fell from his clothes] came from." (R. 97). Upon discovery of the second cigarette, the Sheriff testified that Pavey stated "he didn't know where [either of the cigarettes] came from." (R. 97). Based on these events, a Program violation was filed under Cause No. 23C01–9804–DF–178. (R. 43).

At Pavey's revocation hearing, the trial court ruled that Pavey had violated the terms of the Program. (R. 7–8). On September 9, 1998, the trial court ordered the following:

... that the order this court entered on May 19, 1998, be set aside and [Pavey's] failure to comply with Community Corrections was a condition precedent to probation and accordingly [Pavey] is ordered committed for a determinate period of 3 years ...

(R. 8). The following appeal ensued.

*I. Whether the trial court, at sentencing, sufficiently advised Pavey of the terms of the Program.*

*Standard of Review—Revocation of Placement in a Community Corrections Program*

■ This court has analyzed the relationship between community corrections pro-

---

1. IND.CODE § 9–30–5–3 (previous conviction of op-

erating while intoxicated within five years).

grams and probation, determining the difference between the two to be insignificant. *Brooks v. State*, 692 N.E.2d 951, 953 (Ind.Ct. App.1998), *trans. denied.* A defendant is not entitled to serve his sentence in a community corrections program but, as with probation, placement in the program is a matter of grace and a conditional liberty that is a favor, not a right. *Id.* When deciding whether to revoke probation, matters are left to the sole discretion of the trial court. *Hubbard v. State*, 683 N.E.2d 618, 620 (Ind.Ct.App.1997). A revocation of probation will be affirmed if, considering only the probative evidence and reasonable inferences therefrom, there is sufficient evidence supporting the conclusion that the probationer is guilty of violating any condition of his probation. IND.CODE § 35–38–2–3; *Hubbard*, 683 N.E.2d at 620. Similarly, we will affirm the revocation of placement in a community corrections program if, considering only the probative evidence and reasonable inferences therefrom, there is sufficient evidence supporting the conclusion that the individual within the program is guilty of violating any condition of the program. *See Brooks v. State*, 692 N.E.2d at 953.

### Notice of Program Terms

Pavey contends that the trial court failed to advise him of the terms of his probation and that Pavey's violation of Jail rules did not violate a condition of probation. We disagree.

Pavey's placement in the Program was ordered pursuant to IND.CODE § 35–38–2.6–3(a), which provides:

> The court may, at the time of sentencing, suspend the sentence and order a person to be placed in a community corrections program as an alternative to commitment to the department of correction. The court *may* impose reasonable terms on the placement....

(Emphasis added).

We have previously addressed the legislative intent of this chapter on community correction programs in the context of a trial court's notice to a defendant of the terms of his placement. *See Million v. State*, 646 N.E.2d 998, 1000 (Ind.Ct.App.1995).

In *Million*, we held that the community corrections statute does not require the trial court to give written notice of the terms of placement or specify those conditions on the record. *Id.* Nevertheless, notice to the defendant of the terms of his placement is implicit in the statute and a prerequisite to revocation of the placement. *Id.*

■ Pavey was specifically instructed by the trial court that "all components" of the Program were applicable to him. (R. 66). Pavey acknowledged that he understood the phrase "all components." (R. 68). Pavey also signed a work release agreement which specifically read, "I agree not to violate any rules of the [Jail]." (R.46). Pavey's statements to the Sheriff could be taken as further evidence that he was on notice that tobacco products were not permitted within the Jail, as Pavey denied knowing where the cigarettes came from. (R. 97). Moreover, Pavey does not specifically contend that he was not aware that tobacco products were not permitted in the Jail.

Accordingly, we hold that the trial court, at sentencing, sufficiently advised Pavey of the terms of the Program.

II. *Whether the filing of a Program violation under Cause No. 23C01–9804–DF–178 was sufficient due process notice that Pavey's placement in a community corrections program and probation could be revoked, along with his three year suspended sentence reinstated.*

Pavey contends that the Program violation filed by the State under Cause No. 23C01–9804–DF–178 did not provide sufficient due process notice that his placement in a community corrections program and probation could be revoked, along with his three year suspended sentence reinstated. (Brief of Appellant, p. 6–7). We disagree.

Pavey is alleged to have violated the terms of his placement, after which:

> ... the court may, after a hearing, do any of the following: (1) Change the terms of the placement, (2) Continue the placement under the original terms, (3) Revoke the placement and commit the person to the

department of correction for the remainder of the person's sentence.

IND.CODE § 35–38–2.6–5. We have previously addressed the due process rights triggered by an alleged violation of an individual's placement terms. *See Million,* at 1003 (Ind. Ct App.1995). In *Million,* we held that a defendant is entitled to written notice of the claimed violation of the terms of his placement, disclosure of the evidence against him, an opportunity to be heard and present evidence and the right to confront and cross-examine adverse witnesses in a neutral hearing before the trial court. *Id.*

The State provided written notice to Pavey by filing a Program violation with the trial court, alleging that Pavey had violated Jail rules. (R. 43). Specifically, the State disclosed evidence of Pavey's possession of cigarettes within the Jail. (R. 45). One of the rules of the Jail was against possession of tobacco products. (R. 89). Pavey had signed a work release agreement, whereby he agreed not to violate any rules of the Jail. (R. 87). Also included on Pavey's signed work release agreement was language to the effect that violation of the agreement could result in the imposition of his full sentence. (R. 46). At Pavey's revocation hearing, the trial court permitted Pavey to hear and present evidence and to confront and cross-examine the Sheriff. (R. 85–97). The foregoing facts satisfy the due process requirements established in *Million* and satisfy the sufficiency of the evidence presented to the trial court. *See Decker v. State,* 704 N.E.2d 1101, 1104 (Ind.Ct.App.1999) (we held that the State need only prove that a revocation was warranted by a preponderance of the evidence, as a community corrections revocation hearing is civil in nature).

Pavey also specifically contends that the filing of the Program violation under Cause No. 23C01–9804–DF–178 (Pavey's second charge of operating a vehicle while intoxicated) and not under Cause No. 23C01–9804–DF–383 (Pavey's first charge of operating a vehicle while intoxicated) did not provide sufficient due process notice that both of the respective probationary periods and Program placement periods were at issue during his revocation hearing. (Appellant's Brief, p. 15). However, Pavey understood from the terms of his plea agreement that he had forgone separate trials on his alleged offenses for a plea of guilty as to both charges and a single sentence. (R. 64, 66–69). Furthermore, the trial court properly revoked Pavey's probationary periods, despite the fact that Pavey had not yet entered the probationary phase of his sentence. *See Johnson v. State,* 606 N.E.2d 881, 882 (Ind. Ct.App.1993) (we held that trial court could revoke probation of the defendant who violated rule, despite fact that defendant had not yet entered probationary phase of his sentence).

Accordingly, we find that the filing of the Program violation under Cause No. 23C01–9804–DF–178 was sufficient due process notice that Pavey's placement in a community corrections program and probation could be revoked, along with his three year suspended sentence reinstated.

Affirmed.

FRIEDLANDER, J., and STATON, J., concur.