Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 11 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID BUTLER,                              )
                                          )
        Appellant-Defendant,               )
                                          )
            vs.                            )     No. 34A05-1109-CR-477
                                          )
STATE OF INDIANA,                          )
                                          )
        Appellee-Plaintiff.                )

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Jr., Judge
Cause No. 34D01-0804-FA-237

**April 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

David Butler ("Butler") pleaded guilty to possession of cocaine[1] as a Class B felony and was sentenced to ten years executed after being terminated from the Howard County Drug Court Program ("Drug Court"). He appeals, raising the following restated issues:

I.      Whether Butler's sentence was inappropriate in light of the nature of the offense and the character of the offender; and

II.     Whether the trial court violated Butler's due process rights by relying on improper considerations when it terminated him from Drug Court and sentenced him.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On February 8, 2008, Butler sold cocaine and ecstasy pills to a Howard County Drug Task Force informant during a controlled buy drug investigation. The State charged Butler with dealing in cocaine as a Class A felony. On March 11, 2008, pursuant to a plea agreement, Butler pleaded guilty to the lesser included offense of possession of cocaine as Class B felony. As part of the plea agreement, sentencing was deferred pending Butler's participation in Drug Court. The plea agreement provided that if Butler failed Drug Court, the matter shall be set for sentencing "with the terms and conditions of that sentence decided by the [trial court] after evidence and arguments." *Appellant's App*. at 68.

On June 1, 2011, the State filed its notice of intent to terminate Butler from Drug Court due to Butler's failure to follow the Drug Court rules. An evidentiary hearing was

---

[1] *See* Ind. Code § 35-48-4-6(b)(2)(B).

2

held, at which Laura Rood ("Rood"), the Drug Court Coordinator, testified. She gave evidence of Butler's failure to progress through the stages of the program and his various rule violations, including using a moped without permission, failing to follow curfew, failing to provide receipts and work schedules in a timely manner, failure to pay Drug Court fees, eviction from the Kokomo Rescue Mission for failure to abide by their rules, and failure to abide by Drug Court banking policies. *Tr.* at 16-19. The trial court found that Butler had violated the terms of Drug Court and terminated him from the program. On August 18, 2011, the trial court sentenced Butler to ten years executed in the Department of Correction. Butler now appeals.

## DISCUSSION AND DECISION

### I. Inappropriate Sentence

"This court has authority to revise a sentence 'if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Spitler v. State*, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009) (quoting Ind. Appellate Rule 7(B)), *trans. denied*. "Although Indiana Appellate Rule 7(B) does not require us to be 'extremely' deferential to a trial court's sentencing decision, we still must give due consideration to that decision." *Patterson v. State*, 909 N.E.2d 1058, 1062-63 (Ind. Ct. App. 2009) (quoting *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007)). We understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* at 1063. The defendant bears the burden of persuading this court that his sentence is inappropriate. *Id.*

Butler argues that his sentence was inappropriate in light of the nature of the offense and his character. He contends this is because the nature of his offense was not egregious or heinous since it did not involve any physical injury, pecuniary loss, or any actual victim and there were no children in the area during the time of the transaction. Butler further asserts that his sentence was inappropriate based upon his character because he had been battling substance abuse for many years and had expressed a desire to get help for his addiction. Butler therefore claims that his ten-year sentence was inappropriate. We disagree.

A person who commits a Class B felony shall be imprisoned for a fixed term of between six and twenty years, with the advisory sentence being ten years. Ind. Code § 35-50-2-5. Butler was given the advisory sentence of ten years. The nature of the offense was that Butler sold cocaine and ecstasy pills to an informant within 1,000 feet of a public park. As to his character, Butler had a criminal history that included juvenile adjudications for being a runaway, domestic battery, contempt of court, and violating probation; he also had an adult conviction for operating a vehicle without receiving a license. Butler also had a long history of substance abuse. We do not believe that Butler has shown that his ten-year advisory sentence was inappropriate in light of the nature of the offense and the character of the offender.

## II. Due Process

Butler appears to argue that the trial court deprived him of his due process rights because it sentenced him based on "materially untrue assumptions" not contained in any report and not submitted before the court at sentencing. *Appellant's Br*. at 7. Butler is

4

correct that, "the defendant is entitled to be sentenced only on the basis of accurate information, and the defendant retains the right to refute any inaccurate or improper information." *Bluck v. State*, 716 N.E.2d 507, 512 (Ind. Ct. App. 1999). Although "a sentence based on materially untrue assumptions violates due process," *id.*, this case does not present such a problem. Here, the trial court specifically found that there were no significant aggravating factors and no significant mitigating factors and sentenced Butler to the statutory advisory sentence. *Tr.* at 49. Further, to the extent that Butler is arguing that the trial court improperly considered his termination from Drug Court as an aggravating factor, he is incorrect as the trial court specifically found no significant aggravating or mitigating factors existed.

It also appears that Butler is arguing that the trial court improperly terminated his participation in Drug Court because insufficient evidence was presented to prove he violated the rules of Drug Court. In order to enter Drug Court, a participant must plead guilty to the charged offense and entry of judgment will be stayed. Ind. Code § 33-23-16-14(a). However, if a participant stops successfully participating in the program or does not successfully complete the program, the court shall lift the stay, enter judgment of conviction, and sentence the participant accordingly. Ind. Code § 33-23-16-14(b). A participant may be terminated from Drug Court if he has violated at least one of the conditions of the participation agreement. Ind. Code § 33-23-16-14.5(a)(1).

Forensic diversion programs, such as Drug Court, are encompassed in Community Corrections. *See* Ind. Code § 11–12–3.7–4. When reviewing the revocation of placement in a community corrections program, the standard of appellate review is the

5

same as that of a probation revocation. *Cox v. State,* 706 N.E.2d 547, 549 (Ind. 1999); *Brooks v. State,* 692 N.E.2d 951, 953 (Ind. Ct. App. 1998), *trans. denied.* We will not reweigh evidence or assess the credibility of witnesses. *Braxton v. State,* 651 N.E.2d 268, 270 (Ind. 1995). Rather, we consider only the evidence that supports revocation from the program, and draw all reasonable inferences from that evidence. *Id.* The State's burden of proof in probation revocation and similar proceedings is merely to prove an alleged violation by a preponderance of the evidence, not beyond a reasonable doubt. *See Rosa v. State,* 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005).

Here, the State presented evidence that Butler violated not just one, but several of the rules governing his participation in Drug Court. Evidence was presented by Rood that Butler failed to timely provide Drug Court with his work schedule and receipts,[2] violated curfew, did not pay his Drug Court fees, failed to abide by the rules of Kokomo Rescue Mission, and was in possession of both a moped and cell phone, both of which he was not allowed to possess without permission. *Tr.* at 17-20. Rood testified that Butler violated five different rules contained in his participation agreement. *Id*. at 20. Although the State was only required to prove the violation of one condition of the participation agreement, it presented evidence to prove that Butler repeatedly violated several of the terms of his participation agreement and also failed to make satisfactory progress through the stages of the program. Sufficient evidence was presented to terminate Butler from Drug Court.

---

[2] Butler was required to provide receipts of transactions made in order for Drug Court to monitor and keep track of how he was spending his money.

We therefore conclude that Butler's ten-year advisory sentence was not inappropriate in light of the nature of the offense and the character of the offender. Additionally, the trial court did not sentence him based on improper considerations because it did not find any significant aggravating and mitigating factors and sentenced him to the statutory advisory term. Lastly, sufficient evidence was presented to support Butler's termination from Drug Court.

Affirmed.

BARNES, J., and BRADFORD, J., concur.