**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

**FILED**

Jun 06 2012, 8:40 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MICHAEL P. QUIRK**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| M. LOREN FUGATE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A04-1110-CR-529 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Marianne L. Vorhees, Judge
Cause No. 18C01-0806-FC-28

**June 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

After pleading guilty to attempted child molesting, M. Loren Fugate was sentenced to six years, with two years on home detention and four years on probation. After a string of violations, including consumption of alcohol, failure to attend sex offender treatment sessions, and contacting the victim, the trial court revoked Fugate's home detention and probation and ordered him to serve the entire sentence in the Department of Correction. Fugate argues that the nature of his violations does not warrant revocation of his entire suspended sentence. Considering the number and nature of the violations, we find no abuse of discretion, and therefore affirm the judgment of the trial court.

**Facts and Procedural History**

On June 17, 2008, Fugate was charged with attempted child molesting, neglect of a dependent, and battery resulting in bodily injury based on an incident that occurred a couple weeks earlier. According to the probable cause affidavit, Fugate pinned down his nine-year-old son and attempted to touch his "private area."[1] Appellant's App. at 199. Fugate claimed that he was drunk and could not remember what had happened, but he viewed his son's interview and did not think that he was lying. Fugate agreed to plead guilty to attempted child molesting in exchange for dismissal of the other charges. Fugate and the State agreed on a six-year sentence consisting of two years on home detention and four years on

---

[1] The probable cause affidavit is the only document in the record before us that explains the nature of the allegations. The information did not specify what conduct the charges were based on, and the transcript of guilty plea hearing was not submitted to us, so we do not know what the factual basis was.

probation. Fugate agreed to register as a sex offender, to participate in a sex offender treatment program, to not contact his son, and to not exercise his parenting time with his son.

On May 26, 2010, the trial court accepted the plea agreement, entered a judgment of conviction of attempted child molesting as a class C felony, imposed the sentence specified in the plea agreement, and issued a no-contact order. Fugate was also found to be a sexually violent predator based upon the reports of two experts. *See* Ind. Code § 35-38-1-7.5 (defining "sexually violent predator"). Both experts based their opinions, in part, on Fugate's alcohol dependence. Due to his status as a sexually violent predator, Fugate was placed on lifetime parole. *See* Ind. Code § 35-38-1-29 (if a court imposes a sentence on a sexually violent predator that does not involve a commitment to the Department of Correction, the court shall order the parole board to place the person on lifetime parole).

On December 9, 2010, the State filed a notice of violations of home detention. The notice alleged that Fugate missed two sessions of sex offender treatment, that he had admitted to drinking alcohol, and that he was behind in paying his home detention fees. Fugate admitted the allegations. The court continued him on home detention, ordered him to participate in relapse prevention, and advised him that he was "under a no tolerance policy with the sex offender treatment." Appellant's App. at 14.

On July 8, 2011, the State filed a second notice of violations. The notice alleged that on July 7, 2011, Fugate admitted to contacting his son and accessing the internet. The notice also alleged that pictures of minor children were found on computers that had been

confiscated from Fugate's residence. Finally, the notice alleged that he owed home detention fees in the amount of $4083. On August 24, 2011, Fugate admitted these allegations.

Subsequently, on September 2, 2011, the State filed an amended notice, which added two additional alleged violations: (1) that Fugate was terminated from sex offender treatment on July 15, 2011, and (2) that on February 15, 2011, he admitted to drinking alcohol.

On October 3, 2011, the court held a hearing. Fugate admitted that he had contacted his son by creating a Facebook page under a false name. Fugate stated that another relative had informed him that his son was attempting to find out his phone number. Fugate denied saying anything inappropriate and claimed that he wanted his son to know that he "still cared and loved him and missed him." Tr. at 7. Fugate acknowledged that photographs were found on his computer. He testified that they were family photographs and did not include any inappropriate pictures of children. Fugate stated that his therapy sessions took place once a week and, apart from times when he was incarcerated, he missed three sessions. He also admitted that he was sometimes late for his sessions.

Fugate's probation officer, Teresa Brown, also testified. Brown testified that Fugate was not supposed to have internet access, but had purchased a cell phone with a data package that allowed him to access the internet to set up a Facebook profile. Brown had not spoken to Fugate's son or the son's mother to determine how they felt about Fugate having contact with them. Brown was not aware that any action had been taken to terminate Fugate's parental rights. Brown testified that Fugate's probation rules did not allow him to have any

4

photographs of minors. Brown noted that Fugate was drunk at the time of the attempted child molesting and has twice violated home detention rules by consuming alcohol.

Fugate moved to strike a report filed by his therapist, and the court granted that motion. The State presented no additional evidence that he had been terminated from his sex offender treatment program. The presentence investigation report shows that Fugate has one prior conviction, operating while intoxicated as a class A misdemeanor. Fugate was placed on home detention and probation for that offense. He successfully completed home detention, but his probation was later revoked. Fugate reported that he started drinking at the age of eighteen and that he drinks more when he is stressed or depressed. Fugate claimed that he had not drunk alcohol since June 3, 2008, which was the longest that he had ever been sober. He was participating in Alcoholics Anonymous.

The trial court ordered Fugate to serve his entire six-year sentence in the Department of Correction, minus time served and class I credit. *See* Ind. Code § 35-38-2.5-5 (a person on home detention receives credit for time served); Ind. Code § 35-50-6-4 (a person imprisoned for a crime who is not a credit restricted felon is initially assigned to Class I). The court gave the following reasons for its ruling:

> This is the second time the Court has addressed violations of direct commitment.…
>
> Defendant contacted the victim in violation of the No Contact Order and the Sentencing Order. Defendant made this contact through a social network accessed from the Internet. As a probation term, Defendant was prohibited from accessing the Internet.
>
> Defendant committed the violations while under the influence of alcohol. Although Defendant is in counseling for this issue, this case has been

pending for over three years. Defendant presents a danger to society by not addressing his addiction issues. Defendant should at least recognize that when he is under the influence of alcohol, he needs to regulate his behavior and guard against inappropriate behavior while intoxicated.

Appellant's App. at 147. Fugate now appeals.

## Discussion and Decision

"Probation revocation is a two-step process." *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997). "First, the court must make a factual determination that a violation of a condition of probation actually occurred. If a violation is proven, then the trial court must determine if the violation warrants revocation of the probation." *Id*. "Probation is a matter of grace and a conditional liberty which is a favor, not a right." *Cooper v. State*, 917 N.E.2d 667, 671 (Ind. 2009).

> We review for an abuse of discretion the trial court's decision to revoke probation. An abuse of discretion occurs if the decision is against the logic and effect of the facts and circumstances before the court. . . . The violation of a single condition of probation is sufficient to permit a trial court to revoke probation.

*Rosa v. State*, 832 N.E.2d 1119, 1121 (Ind. Ct. App. 2005) (citations omitted).[2] Our standard of review is the same for a petition to terminate home detention. *Brooks v. State*, 692 N.E.2d 951, 953 (Ind. Ct. App. 1998), *trans. denied*.

Fugate argues that his possession of family photographs that did not contain any inappropriate material was not a violation of the terms of his home detention or probation. However, he has not provided us with a copy of the home detention or probation rules.

---

[2] Fugate cites the Appellate Rule 7(B) standard. That rule does not apply to a sanction that is imposed upon the revocation of probation. *Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008).

Brown testified that Fugate was not allowed to have any photographs of minors. On the record before us, Fugate has not demonstrated that his possession of family photographs was not a violation. The appellant bears the burden providing us with a record complete enough to sustain his argument. *See Purdy v. State*, 708 N.E.2d 20, 23-24 (Ind. Ct. App. 1999) (holding that defendant had not met burden of showing probation conditions were unreasonable where probation agreement was not entered into evidence).

Fugate also argues that the nature of his violations did not warrant imposition of a fully executed sentence. He points to his testimony that his son wanted to contact him and that he did not make any inappropriate comments via his Facebook page. As already discussed, the family photographs did not contain any inappropriate material, and the State has not suggested otherwise. Finally, Fugate cooperated by admitting to most of the alleged violations.

On the other hand, alcohol abuse has been a persistent problem for Fugate. At the time of the offense, he was intoxicated to such an extent that he claimed to be unable to remember what had happened. Although there does not appear to be evidence to support the trial court's finding that Fugate was intoxicated at the time of his violations, there were two separate violations based on his consumption of alcohol. These are serious violations given his demonstrated tendency to exercise poor judgment when drinking.

Although the State failed to provide any evidence that Fugate had been terminated from sex offender treatment, Fugate did admit to being absent or late on several occasions. In addition, his actions in using his cell phone to set up a Facebook profile under a false

name show that he willfully violated the conditions of his probation and carefully thought about how to conceal his actions.  In light of the multiple violations and their nature, Fugate has not persuaded us that the trial court abused its discretion by ordering him to serve his six-year sentence in the Department of Correction.

Affirmed.

BAKER, J., and BROWN, J., concur.