**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Sep 03 2014, 10:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIMOTHY S. LANANE**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**HENRY A. FLORES, JR.**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN HOUSE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1402-CR-78 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C01-1306-FD-1203

**September 3, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On June 17, 2013, Appellant-Defendant Brian House operated a vehicle while intoxicated. Two days later, House was charged with numerous offenses relating to his operation of the vehicle in question. House subsequently pled guilty to Class D felony operating a vehicle while intoxicated ("OWI") and Class A misdemeanor OWI. The trial court accepted House's guilty plea, merged the Class A misdemeanor conviction with the Class D felony conviction, and sentenced House to a thirty-six-month sentence. On appeal, House contends that the trial court abused its discretion in sentencing him and that his sentence is inappropriate. Finding no abuse of discretion by the trial court and concluding that House's sentence is not inappropriate, we affirm.

**FACTS AND PROCEDURAL HISTORY**

The factual basis entered during the December 3, 2013 guilty plea hearing provides that on or about June 17, 2013, House operated a vehicle while intoxicated in a manner that endangered a person and after having been previously convicted of OWI during the preceding five years. House subsequently admitted that prior to his arrest, he struck numerous poles while trying to maneuver his vehicle through a gas station parking lot. House further admitted that a nearby civilian reached into his vehicle and removed his keys from the vehicle so that he would not drive any further after he attempted to drive down the wrong side of a street.

On June 19, 2013, Appellee-Plaintiff the State of Indiana (the "State") charged House with Class D felony OWI, Class A misdemeanor OWI endangering a person, and Class A

2

misdemeanor driving while suspended. House subsequently entered into a plea agreement by which he agreed to plead guilty to Class D felony OWI and Class A misdemeanor OWI endangering a person. In exchange for House's guilty plea, the State agreed to dismiss the Class A misdemeanor driving while suspended charge and to refrain from filing an allegation that House was a habitual offender. On January 27, 2014, the trial court accepted the plea agreement, merged the Class A misdemeanor conviction with the Class D felony conviction, and sentenced House to a thirty-six-month sentence, with thirty months executed in the Department of Correction ("DOC) and six months on in-home detention. This appeal follows.

## DISCUSSION AND DECISION

House challenges his sentence on appeal, claiming both that the trial court abused its discretion in sentencing him and that his thirty-six-month sentence is inappropriate in light of the nature of his offenses and his character.

### I. Abuse of Discretion

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. (quotation omitted).

> One way in which a trial court may abuse its discretion is failing to enter a
> sentencing statement at all. Other examples include entering a sentencing

3

statement that explains reasons for imposing a sentence-including a finding of aggravating and mitigating factors if any-but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id*. at 490-91.

House claims that the trial court abused its discretion in sentencing him because the trial court failed to find the fact that his incarceration would result in a financial hardship to his family to be a mitigating factor at sentencing. The finding of mitigating factors is discretionary with the trial court. *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993) (citing *Graham v. State*, 535 N.E.2d 1152, 1155 (Ind. 1989)). The trial court is not required to find the presence of mitigating factors. *Id*. (citing *Graham*, 535 N.E.2d at 1155). Further, if the trial court does not find the existence of a mitigating factor after it has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist. *Id*. (citing *Hammons v. State*, 493 N.E.2d 1250, 1254-55 (Ind. 1986)).

In the instant matter, House's wife stated during sentencing that she and her ten-year-old son would suffer a financial hardship if House were incarcerated because it was critical for the family to receive House's disability payments, which are suspended during periods when he is incarcerated. House's wife further stated that while she was employed full-time as a para-educator working with autistic children, it is "very hard as a single parent." Tr. p. 22. While we sympathize with House's wife and commend her for her dedication to caring

4

for children, both those belonging to others and her own, we cannot say that the trial court abused its discretion in failing to find the alleged financial hardship placed upon her by House's incarceration would be significant. In the instant matter, the record contains evidence that House's wife was employed full-time and financially supported the family. Further, while House's incarceration relating to the instant matter may cause a continued financial hardship on his family, this financial hardship is likely one that his family has had to find a way to minimize and overcome during his incarceration relating to an unrelated conviction.[1]

House argues that the trial court abused its discretion for failing to explain why it did not find the alleged financial burden on his family to be a mitigating factor. However, as we stated above, the trial court was not obligated to explain why it determined that the alleged financial hardship upon House's family was not significant. *See Fugate*, 608 N.E.2d at 1374. Given the fact that the record contained testimony that would raise doubt about the significance of the alleged hardship on House's family, we conclude that the trial court did not abuse its discretion in this regard.

## II. Appropriateness of Sentence

Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the

---

[1] The record demonstrates that, at the time of sentencing, House had been incarcerated in the DOC for approximately six months for an unrelated conviction and was not expected to be released until September of 2014.

offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*).

"Placement in an in-home detention program is a matter of grace and a conditional liberty that is a favor, not a right." *Rodriguez v. State*, 714 N.E.2d 667, 670 (Ind. Ct. App. 1999) (citing *Brooks v. State*, 692 N.E.2d 951, 953 (Ind. Ct. App. 1998), *trans. denied*), *trans. denied*. The location where a sentence is to be served is an appropriate focus for application of our review-and-revise authority. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) (citing *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007)).

> Nonetheless, we note that it will be quite difficult for a defendant to prevail on a claim that the placement of his sentence is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 343 (Ind. Ct. App. 2007). This is because the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *Id*. at 344. A defendant challenging the placement of a sentence must convince us that the given placement is itself inappropriate. *Id*. As a practical matter, trial courts know the feasibility of alternative placements in particular counties or communities. *Id*. at 343. For example, a court is aware of the availability, costs, and entrance requirements of community corrections placements in a specific locale. *Id*. at 343-44.

*Id*. at 267-68 (emphasis in original).

In challenging the appropriateness of his sentence, House appears to argue that home detention was a more appropriate placement than the DOC. However, as is stated in *King*, the question presented on appeal is not whether another placement would be more

6

appropriate but, rather, whether the sentence imposed is inappropriate. *Id.* at 268. Thus, our review on appeal is limited to whether House's thirty-six-month sentence, thirty months of which was ordered to be executed in the DOC, is inappropriate in light of the nature of House's offenses and his character.

With respect to the nature of House's offenses, the record reflects that the instant matter marks the fifth time that House has been convicted of OWI. House acknowledges that he was intoxicated when he operated his vehicle on June 17, 2013, but admitted that he does not remember "the full extent" of the details because of "how intoxicated" he was. Tr. p. 35. Notwithstanding House's inability to remember all of the details, House subsequently acknowledged and the record demonstrates that he struck numerous poles while trying to maneuver his vehicle through a gas station parking lot and, after he attempted to drive down the wrong side of a street, a nearby civilian reached into his vehicle and removed his keys from the vehicle so that he would not drive any further.

With respect to House's character, the record demonstrates that House has shown an ongoing disregard for the laws of this State. House was under court supervision at the time he committed the underlying offenses. His criminal history includes numerous prior felony convictions, misdemeanor convictions, and probation violations. The majority of House's prior convictions stem from his long-standing and continued alcohol abuse. Again, the instant matter marks the fifth time that House has been convicted of OWI. House's criminal record also includes numerous convictions for public intoxication. In addition to his numerous alcohol-related convictions, House's criminal history includes prior convictions for

7

possession of marijuana, resisting law enforcement, battery, intimidation, and domestic battery. The record indicates also that House has failed to reform his criminal behavior despite routine leniency from the trial court. Furthermore, House has, on at least two separate occasions, sought treatment for his issues with alcohol. These prior attempts at treatment have been unsuccessful, however, as House has continued to abuse alcohol and to commit alcohol-related crimes after being released from said treatment. House has failed to prove that the trial court's order requiring that he serve thirty months of his thirty-six month sentence in the DOC is inappropriate.

## CONCLUSION

The trial court did not abuse its discretion in sentencing House. In addition, House has failed to prove that his thirty-six-month sentence, thirty months of which were ordered to be served in the DOC, is inappropriate in light of the nature of his actions and his character.

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J., concur.