## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 12 2019, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Menes Ankh El
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Wendell Brown a/k/a Menes Ankh El,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

June 12, 2019

Court of Appeals Case No.
18A-CR-2594

Appeal from the Marion Superior Court

The Honorable Lisa F. Borges, Judge

Trial Court Cause Nos.
49G04-1204-FC-25485
49G04-1208-FC-59353

**Bradford, Judge.**

# Case Summary

[1] After being found guilty of committing a number of criminal acts, Wendell Brown, a/k/a Menes Ankh El,[1] was sentenced in two separate criminal matters, in part, to concurrent four-year alternative sentences. In each case, two of the four years were to be served in community corrections, the remaining two years were suspended, and Brown was placed on probation. Following a violation of the terms of his community corrections placement and his probation, the trial court revoked the entire four-year alternative sentence in each case and ordered Brown to serve the revoked sentences in the Department of Correction ("DOC"). The trial court further ordered that the revoked sentences be served concurrently.

[2] Brown subsequently sought habeas relief in both cases, arguing that the trial court's order that he serve four years in the DOC amounted to an illegal sentence. The cases were consolidated by the trial court which denied Brown's request for relief. Brown challenges the ruling of the trial court on appeal. We affirm.

# Facts and Procedural History

---

[1] We note that at some point since the inception of the underlying criminal cases, Brown appears to have adopted the name Menes Ankh El. While we recognize that Brown refers to himself by Ankh El, we will continue to refer to him as Brown.

[3]     On April 19, 2013, the State charged Brown under Cause Number 49G03-1204-FC-25485 ("Cause No. FC-25485") as follows: Count 1 – Class C felony burglary, Count 2 – Class C felony forgery, Count 3 – Class D felony theft, Count 4 – Class A misdemeanor criminal trespass, and Count 5 – Class A misdemeanor driving while suspended. He was subsequently found guilty of Counts 1, 2, and 5. On August 2, 2013, Brown was sentenced to an aggregate four-year term with two years executed in community corrections and two years suspended. He was also placed on probation for one year.

[4]     On August 27, 2012, the State charged Brown under Cause Number 49G03-1208-FC-59353 ("Cause No. FC-59353") as follows: Counts 1 through 5 – Class C felony forgery, Count 6 – Class D felony theft, Counts 7 through 10 – Class D felony intimidation, and Count 11 – Class A misdemeanor intimidation. He was subsequently found guilty of all but the theft charge. On September 13, 2013, Brown was sentenced on Counts 4, 7, 8, 9, 10, and 11 to an aggregate two-year term with both years executed in the DOC. As for Counts 1, 2, 3, and 5, Brown was sentenced to an aggregate four-year term with two years executed in community corrections and two years suspended. He was also placed on probation for one year. The trial court ordered that the sentence imposed for Counts 4, 7, 8, 9, 10, and 11 would run consecutively to Brown's sentence in Cause No. FC-25485 while the sentence imposed for Counts 1, 2, 3, and 5 would run concurrently to his sentence in Cause No. FC-25485.

[5] The State subsequently filed petitions to revoke Brown's placement in community corrections and the suspended portions of his sentences in both Cause No. FC-25485 and Cause No. FC-59353, alleging that he had violated the terms of his placement and conditional release by committing a new crime. In both cases, on June 22, 2015, the trial court found Brown in violation, revoked his sentence, and ordered him to serve the entire four-year term in the DOC. The sentences were ordered to run concurrently.

[6] On May 16, 2018, Brown filed a verified petition for a writ of habeas corpus. The trial court denied Brown's petition on August 16, 2018, finding that Brown's sentence was not unlawful. The trial court also denied Brown's subsequent requests for reconsideration.

# Discussion and Decision

[7] On appeal, Brown contends that the trial court erred in denying his habeas petition because the four-year sentence that was imposed following revocation is unlawful.

> The purpose of a writ of habeas corpus is to determine the lawfulness of custody or detention of the defendant and may not be used to determine collateral matters not affecting the custody process. A defendant is entitled to a writ of habeas corpus if he or she is unlawfully incarcerated and is entitled to immediate release. We review the trial court's habeas decision for an abuse of discretion. Without reweighing the evidence, this court considers only that evidence most favorable to the judgment and reasonable inferences drawn therefrom.

*Hardley v. State*, 893 N.E.2d 740, 742–43 (Ind. Ct. App. 2008) (internal citations omitted).

[8] Brown argues that his sentence is unlawful because it exceeds the amount of suspended time. For its part, the State contends that the sentence is lawful, arguing that because placement in community corrections can be revoked, the sentence did not exceed the maximum that could be imposed following revocation. We agree with the State.

## I. Overview of Community Corrections Programs and Standard of Review Following Revocation of Placement in Community Corrections

[9] Community corrections programs were "established by the General Assembly to encourage counties to develop and operate a coordinated local corrections-criminal justice system as an effective alternative to imprisonment at the state level." *Million v. State*, 646 N.E.2d 998, 999–1000 (Ind. Ct. App. 1995) (internal quotation omitted). A trial court may, at the time of sentencing, "suspend the sentence and order a person to be placed in a community corrections program as an alternative to commitment to the [DOC]." Ind. Code § 35-38-2.6-3. "A community corrections program consists of residential and work release, electronic monitoring, day treatment, or day reporting." *Million*, 646 N.E.2d at 1000 (internal quotations omitted). "The court may impose reasonable terms on the placement or require the director of the community corrections program to impose reasonable terms on the placement." Ind. Code § 35-38-2.6-3.

For purposes of appellate review, we treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation. The similarities between the two dictate this approach. Both probation and community corrections programs serve as alternatives to commitment to the [DOC] and both are made at the sole discretion of the trial court. A defendant is not entitled to serve a sentence in either probation or a community corrections program. Rather, placement in either is a matter of grace and a conditional liberty that is a favor, not a right.

*Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999) (internal citations and quotations omitted). A revocation hearing is in the nature of a civil proceeding and the alleged violation need be proven only by a preponderance of the evidence. *Brooks v. State*, 692 N.E.2d 951, 953 (Ind. Ct. App. 1998).

## II. Revocation of Placement in Community Corrections

Brown argues that the sentence imposed following revocation is unlawful because "the suspended time in both cases was only [two] years. [Thus, t]he maximum amount of time that could be given for a probation revocation, in either case, was [two] years." Appellant's Br. p. 4. In support, Brown claims that Indiana Code section 35-38-2-3(h) "does not provide an option for the court to [impose a sentence] in excess of the suspended time." Appellant's Br. p. 5.

Brown correctly states that Indiana Code section 35-38-2-3(h) provides that after finding that a probationer has violated the terms of his probation, a trial court may "[o]rder execution of all or part of the sentence that was suspended

at the time of initial sentencing." Brown fails to recognize, however, that similar to Indiana Code section 35-38-2-3(h), Indiana Code section 35-38-2.6-5 provides that if a person who is placed in community corrections violates the terms of his placement, "the community corrections director may … [r]equest that the court revoke the placement and commit the person to the county jail or [DOC] for the remainder of the person's sentence." Thus, Indiana Code sections 35-38-2-3(h) and 35-38-2.6-5 explicitly state that, following a violation of the terms of an offender's alternative placement, the trial court may revoke the alternative placement and commit the offender to the DOC.

[13] Here, as an alternative to a four-year commitment in the DOC, the trial court placed Brown in community corrections for two years and suspended the final two years with Brown serving the first of the suspended years on probation. After Brown violated the terms of his placement and probation, the trial court revoked the placement and ordered Brown to serve the entire four-year term in the DOC. In doing so, the trial court awarded Brown credit for the time he had already served in community corrections, ordering that Brown should be given credit for a total of 352 days.[2] Pursuant to the clear language of Indiana Code sections 35-38-2-3(h) and 35-38-2.6-5, we conclude that the sentence imposed by the trial court is lawful.

---

[2] As we will discuss in greater detail below, nothing in the record indicates that Brown was not given credit for all of the time that he had served in community corrections prior to revocation.

## III. Alternative Arguments Relating to Credit Time

[14] Alternatively, Brown argues that the sentence is unlawful as it relates to Cause No. FC-59353 because "the initial sentence had been served due to misinterpretations and miscalculations of the abstract of judgment by [DOC] and Marion County Community Corrections (MCCC)." Appellant's Br. p. 5. Brown's argument appears to be based on an inaccurate understanding of the sentence imposed by the trial court. Brown cites to the abstract of judgment prepared by the trial court at the time of sentencing in support. However, review of the abstract of judgment indicates that Brown's description of the sentence does not accurately reflect the sentence imposed by the trial court. It also does not support Brown's claim that he had completed his sentence in Cause No. FC-59353.

[15] Brown further argues that he should have been granted an additional forty-three days of credit time in relation to Cause No. FC-25485. Brown, however, has waived this argument on appeal by failing to include materials necessary for review of the argument in the record submitted to this court, *see Cavallo v. Allied Physicians of Michiana, LLC*, 42 N.E.3d 995, 999 n.1 (Ind. Ct. App. 2015) (providing that appellants who fail to include the materials necessary for our review risk waiver of the affected issues), and by failing to provide proof that he exhausted his administrative remedies through the DOC before seeking relief

from this court.[3]  *See Neff v. State*, 888 N.E.2d 1249, 1252 (Ind. 2008) (providing that a prisoner who files a motion to correct an erroneous award of credit time must first demonstrate that he has exhausted the remedies available through the DOC offender grievance process).  Waiver notwithstanding, the only documents included in the appellate record that give any insight to the amount of credit time awarded are the trial court's sentencing documents showing that Brown was given credit time in the amount of 352 days and the trial court's habeas order indicating as such.  The trial court's habeas order further indicates that Brown and the State "entered into an Agreed Entry on Credit Time" which stated that Brown was entitled to receive credit time in the amount of 352 days. Appellant's App. Vol. II p. 19.  Brown has failed to establish that he was denied any credit time to which he was entitled.  Consequently, he has failed to prove that he was subjected to an illegal sentence in this regard.

[16]  The judgment of the trial court is affirmed.

Crone, J., and Tavitas, J., concur.

---

[3]  The same is true to the extent that Brown argues that he was improperly ordered to serve twenty-eight days for a parole violation, because Brown failed to include the documents necessary for us to review this claim in the appellate record.