**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**STEVEN E. RIPSTRA**
Jasper, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RYAN K. POWELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 19A01-1205-CR-195 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DUBOIS SUPERIOR COURT
The Honorable Mark R. McConnell, Judge
Cause No. 19D01-0807-FD-546

**October 4, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

STATEMENT OF THE CASE

Appellant-Defendant, Ryan K. Powell (Powell), appeals the trial court's revocation of his placement in community corrections and its revocation of his probation.

We affirm.

ISSUE

Powell raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion when it revoked his placement in community corrections and his probation.

FACTS AND PROCEDURAL HISTORY

On July 9, 2008, the State filed an Information charging Powell with Counts I and II, operating a vehicle while intoxicated, Class A misdemeanors, Ind. Code § 9-30-5-2(b); Count III, operating a vehicle while intoxicated, a Class C misdemeanor, I.C. § 9-30-5-2(a); Counts IV-VII, neglect of a dependent, Class D felonies, I.C. § 35-46-1-4(a)(1); Count VIII, driving left of center, a Class C infraction, I.C. §§ 9-21-8-2; -49; Count IX, open alcoholic beverage container during operation of a motor vehicle, a Class C infraction, I.C. § 9-30-15-3; and Count X-XIII, child restraint system violation, Class D infractions, I.C. § 9-19-11-3.6. On June 21, 2010, Powell pled guilty to Counts IV-VII, neglect of a dependent, Class D felonies, pursuant to a plea agreement. In exchange for Powell's guilty plea, the State dismissed the remaining charges. The trial court sentenced Powell to two years for each of the four Counts, with the sentences to run concurrently

and all of the time suspended, except for 180 days that Powell could serve on work release.

On July 1, 2011, the State filed a petition to revoke Powell's probation after Powell tested positive for alcohol on December 29, 2010 and May 11, 2011. On December 19, 2011, the trial court held a probation revocation hearing. Powell admitted to the petition's allegations and the trial court terminated his probation as unsuccessful. It sentenced him to 550 days incarceration, all suspended except for 365 days, to be served in Level 1 Adult Day Reporting (Adult Day Reporting), a community corrections program.

At the hearing, the trial court informed Powell, "I am going to tell you Mr. Powell, between now and [] January 5th when you would start on Adult Day Reporting, you're not to consume, purchase, or possess any alcohol or any illegal drugs. In other words, [] I don't want [] anymore problems between now and the time that you get hooked up. You understand that?" (Transcript p. 11). Powell responded that he did. The trial court further warned Powell that "if at any time [] there are any more violations of any kind, I'm not going to hesitate to send you to jail, [] because you've been given about every opportunity there is and, [] it doesn't appear that you've figured it out yet." (Tr. p. 10).

Powell's admission into the Adult Day Reporting program was first scheduled for January 5, 2012, and then stayed until January 10, 2012. On January 10, 2012, Powell reported to the program. Prior to admission, he took a portable breath test and tested as having a .051 blood alcohol level. As a result, the Adult Day Reporting program would

3

not admit him and instead directed him to report back to jail. On January 11, 2012, the State filed a petition to revoke Powell's commitment to Adult Day Reporting. On April 4, 2012, the trial court held a revocation hearing, revoked Powell's placement, and ordered the remaining 550 days of his sentence executed, with credit for 86 days already served.

Powell now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

When the State filed its petition to revoke Powell's placement in Adult Day Reporting, it requested that the trial court order Powell incarcerated for the 365 days he otherwise would have spent in the community corrections program, but did not make a recommendation with respect to Powell's remaining 185 days that had previously been suspended to probation. The trial court revoked Powell's placement in community corrections and ordered him incarcerated for his full 550 day sentence, minus credit for time served. Powell now disputes the revocation of his placement in community corrections and his probation in two respects: (1) he argues that the trial court abused its discretion in revoking his placement in community corrections because he was never admitted to community corrections; and (2) the trial court abused its discretion in revoking the portion of his sentence suspended to probation as the State's petition did not request anything beyond the revocation of his placement in community corrections. We will address each of these arguments separately.

4

In a probation revocation hearing, the State must prove a violation of probation by a preponderance of the evidence. I.C. § 35-38-2-3. The trial court's revocation of a defendant's probation is reviewed on appeal for an "abuse of discretion." *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007). A trial court has abused its discretion when its decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* at 188. In determining whether the trial court abused its discretion, this court does not reweigh the evidence, and we consider conflicting evidence in the light most favorable to the trial court's ruling. *Mogg v. State*, 918 N.E.2d 750, 755 (Ind. Ct. App. 2009).

We follow the same standard when reviewing a trial court's revocation of a placement in community corrections. *Holmes v. State,* 923 N.E.2d 479, 482 (Ind. Ct. App. 2010). This is because we have determined that the difference between a placement in community corrections and a placement on probation is "insignificant." *Pavey v. State,* 710 N.E.2d 219, 220-21 (Ind. Ct. App. 1999). Both are alternatives to commitment to the Department of Correction, and both are made at the discretion of the trial court. *Holmes,* 923 N.E.2d at 482. A placement in either is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Id.* (quoting *Cox v. State,* 706 N.E.2d 547, 549 (Ind. 1999)).

With regard to Powell's first argument, that the trial court abused its discretion in revoking his placement in community corrections because he never started the program, we note that it is a well-settled rule that a defendant's probationary period begins after

5

sentencing even if his actual probation begins at a later time. *Baker v. State,* 894 N.E.2d 594, 597 (Ind. Ct. App. 2008). We have expressly declined to hold that a defendant can "'commit any number of offenses'" between the date of sentencing and [the] beginning [of] his official probation term without any consequences therefor." *Id.* Although Powell's argument concerns his community corrections program rather than his probation, the *Baker* rule applies as our standard for reviewing a revocation of a placement in community corrections is the same as our standard for reviewing a revocation of probation. *See Holmes,* 923 N.E.2d at 482.

Powell does not dispute that the trial court had sentenced him to community corrections before he tested positive for alcohol, even if he had not yet actually reported to the program. Moreover, the trial court's probation order was dated July 7, 2010—prior to his positive test for alcohol—and stated: "Defendant shall not purchase, use or possess alcohol or any illegal drugs or drugs not prescribed to him, and if prescribed, in the manner and amount prescribed." (Appellant's App. p. 29). Powell thus received notice that abstention from alcohol use was a term of his probation, and therefore community corrections, and he violated that condition. Accordingly, we do not find merit in his argument that the trial court should not have revoked his placement because his program had not commenced.

Instead, Powell seems to argue that he should have been given a second chance because if he had actually entered the community corrections program, he would have been required to perform "certain remedial measures" before the State would have

6

requested the revocation of his placement. However, the policies of the community corrections program are irrelevant to the issue of whether the trial court had the authority to revoke Powell's placement, which it did. We have previously held that the trial court has the authority to revoke a defendant's placement in community corrections upon *any* violation of the terms of placement, and Powell does not dispute that he tested positive for alcohol as prohibited by the trial court. *See* I.C. § 35-38-2.6-5; *Woods v. State,* 892 N.E.2d 637, 639-40 (Ind. 2008). Accordingly, we conclude that the trial court did not abuse its discretion in revoking his placement.

Next, Powell argues that the trial court abused its discretion in revoking his probation because the State did not request that relief in its petition. We disagree. Pursuant to I.C. § 35-38-2.6-5, if a person placed in community corrections violates his or her terms of placement, the court may, after a hearing:

> (1) [c]hange the terms of the placement[;]
> (2) [c]ontinue the placement[; or]
> (3) [r]evoke the placement and commit the person to the department of correction for the remainder of the person's sentence.

Powell acknowledges that his full sentence was 550 days. Because the trial court had discretion to revoke the "remainder" of his sentence based on a finding that he violated the terms of his placement in community corrections, the trial court was not required to limit its revocation to anything less than 550 days, even if argued by the State. *See* I.C. §

35-38-2.6-5. Accordingly, we conclude that the trial court did not abuse its discretion when it revoked the full remainder of Powell's sentence.[1]

## CONCLUSION

Based on the foregoing, we conclude that the trial court properly revoked Powell's placement in community corrections and his probation.

Affirmed.

BAILEY, J. and CRONE, J. concur

---

[1] Similarly, because we conclude that the trial court had the discretion to revoke Powell's full sentence upon finding that he had violated the terms of his placement, we reject his argument that the State's petition to revoke his placement was incomplete because it did not also request the revocation of his probation.